LISA LYNNE RUSSELL
Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

LUCY E. BROWN (HI Bar #10946)
PAUL CIRINO (DC Bar #1684555)
DAVID D. MITCHELL (IL Bar #6302250)
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-1868 (Brown)
lucy.e.brown@usdoj.gov
paul.cirino@usdoj.gov
david.mitchell@usdoj.gov

KENNETH M. SORENSON
Acting U.S. Attorney
District of Hawaii

DANA A. BARBATA #9112
Assistant U.S. Attorney
Room 6-100, PJKK Fed. Bldg.
300 Ala Moana Blvd.
Honolulu, HI 96850
Tel: (808) 541-2850
dana.barbata@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAI OLA ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF DEFENSE, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-272-LEK-RT<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF (ECF No. 130); CERTIFICATE OF SERVICE**<br><br><u>District Judge</u>: Leslie E. Kobayashi<br><u>Magistrate Judge</u>: Rom A. Trader |

## INTRODUCTION

1.    The allegations set forth in Paragraph 1 constitute Plaintiffs' characterization of this action, to which no response is required, but to the extent a response is required, Defendants the United States Department of Defense, the United States Department of the Navy, Joint Task Force-Red Hill, United States Navy Region Hawaii, United States Navy Facilities Engineering Command – Hawaii (collectively, "the Navy") denies the allegations.

2.    The allegations set forth in Paragraph 2(a) constitute Plaintiffs' characterization of this action, to which no response is required, but to the extent a response is required, the Navy denies the allegations.  The allegations set forth in Paragraph 2(b) relate solely to Plaintiffs' Resource Conservation and Recovery Act ("RCRA") claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

3.    The allegations set forth in Paragraph 3(a) constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.  The allegations set forth in Paragraph 3(b) relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

4.    The allegations set forth in Paragraph 4 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

5.    The allegations set forth in Paragraph 5 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

2

6.      The allegations set forth in Paragraph 6 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

7.      The allegations set forth in Paragraph 7 constitute Plaintiffs' characterization of this action, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

JURISDICTION

8.      The allegations set forth in Paragraph 8 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

9.      The allegations set forth in Paragraph 9 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

10.     The allegations set forth in Paragraph 10 constitute Plaintiffs' characterization of this action, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

11.     The allegations set forth in Paragraph 11 constitute Plaintiffs' characterization of this action, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

12.     The allegations set forth in Paragraph 12 constitute Plaintiffs' characterization of this action, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

13.     The allegations set forth in Paragraph 13 constitute Plaintiffs' characterization of this action, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

3

14.     The allegations set forth in Paragraph 14 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

15.     The allegations set forth in Paragraph 15 constitute Plaintiffs' characterization of this action, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

16.     The allegations set forth in Paragraph 16 constitute Plaintiffs' characterization of this action, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

17.     The allegations set forth in Paragraph 17 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

18.     The allegations set forth in Paragraph 18 characterize 33 U.S.C. §§ 1365(a)-(b) and 40 C.F.R. § 135.2(a)(1), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. §§ 1365(a)-(b) and 40 C.F.R. § 135.2(a)(1).

19.     The allegations set forth in Paragraph 19 characterize 33 U.S.C. § 1365(b) and 40 C.F.R. § 135.2(b)(1)(A), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1365(b) and 40 C.F.R. § 135.2(b)(1)(A).

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

4

20.    The allegations set forth in Paragraph 20 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

21.    The allegations set forth in Paragraph 21 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

22.    The allegations set forth in Paragraph 22 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30.

23.    The allegations set forth in Paragraph 23 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30.

24.    The allegations set forth in Paragraph 24 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30.

25.    The Navy admits that Plaintiffs provided the Secretary of Defense, the Secretary of the Navy, the Commander of the United States Pacific Fleet, and the Commander, Navy Region Hawaii, with written notice of intent to sue in letters postmarked February 7, 2022, and that more than 60 days have elapsed since Plaintiffs gave such notice, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 25 and therefore denies the allegations.

26.    The Navy admits the allegations set forth in Paragraph 26.

27.    The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 and therefore denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

5

28.     The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 and therefore denies the allegations. To the extent the allegations set forth in Paragraph 28 relate to Plaintiffs' RCRA claim, the claim has been dismissed without prejudice and stayed.  ECF No. 127 at 29-30.

29.     The Navy admits that Plaintiffs provided the Navy with written notice of intent to sue in letters postmarked November 2, 2021 and February 7, 2022, and that more than 90 days have elapsed since Plaintiffs gave such notice, but the Navy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 29 and therefore denies the allegations.

30.     The Navy admits that Plaintiffs provided the Navy with written notice of intent to sue in a letter postmarked February 7, 2022, and that more than 60 days have elapsed since Plaintiffs gave such notice, but the Navy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 30 and therefore denies the allegations.

31.     The Navy admits that Plaintiffs provided the Secretary of Defense, the Secretary of the Navy, and the Commander of the United States Pacific Fleet with written notice of intent to sue in letters postmarked March 13, 2023.

32.     The allegations set forth in Paragraph 32 characterize the 2023 Notice Letter, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Notice Letter.

33.     The Navy denies the allegations set forth in Paragraph 33.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

6

34.     The Navy admits that the service list for the 2023 Notice Letter reflects that Plaintiffs sent a copy to Lieutenant General Darrell K. Williams and Rear Admiral John F. Wade.

35.     The Navy admits that Plaintiffs provided the Navy with written notice of intent to sue in a letter postmarked March 13, 2022, and that more than 90 days have elapsed since Plaintiffs gave such notice, but the Navy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 35 and therefore denies the allegations.

36.     The allegations set forth in Paragraph 36 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

37.     The allegations set forth in Paragraph 37 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy admits the allegations.  To the extent the allegations set forth in Paragraph 37 relate to Plaintiffs' RCRA claim, the claim has been dismissed without prejudice and stayed.  ECF No. 127 at 29-30.

THE PARTIES

Wai Ola Alliance

38.     The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 and therefore denies the allegations.

39.     The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 and therefore denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

7

40. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 and therefore denies the allegations.

41. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 and therefore denies the allegations.

42. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 and therefore denies the allegations.

43. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43 and therefore denies the allegations.

44. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44 and therefore denies the allegations.

45. The allegations in Paragraph 45 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

46. The allegations set forth in Paragraph 46 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations. To the extent the allegations could be considered factual, the Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 46 and therefore denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

8

47.    The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 and therefore denies the allegations.

48.    The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 48 and therefore denies the allegations.

49.    The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 49 and therefore denies the allegations.

United States Department of the Navy

50.    The Navy admits that it is part of the "armed forces" as defined by 10 U.S.C. § 101(a)(4) and conducts maritime operations.

51.    The Navy admits that the Secretary of the Navy is responsible for all affairs of the Department of the Navy as provided by 10 U.S.C. § 8013(b), but denies all other allegations as stated.

52.    The Navy admits that the Department of the Navy is a component of the Department of Defense, 10 U.S.C. § 111(b).

53.    The Navy admits that "[s]ubject to the direction of the President and to [Title 10 of the U.S. Code] and section 2 of the National Security Act of 1947 (50 U.S.C. 3002)[, the Secretary of Defense] has authority, direction, and control over the Department of Defense" as provided by 10 U.S.C. § 113(b), but denies all other allegations as stated.

54.    The allegations set forth in Paragraph 54 constitute conclusions of law, to which no response is required.  To the extent a response is required, the Navy denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

9

55.     The allegations in Paragraph 55 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

56.     The allegations in Paragraph 56 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

57.     The allegations in Paragraph 57 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

58.     The allegations in Paragraph 58 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

59.     The Navy admits that the United States Indo Pacific Command (USINDOPACOM) is a combatant command of the Department of Defense but denies the remaining allegations set forth in Paragraph 59.

60.     The allegations in Paragraph 60 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

61.     The Navy admits that Commander, Navy Region Hawaii, is the regional coordinator for all shore-based naval personnel and shore activities in Hawaii but denies the remaining allegations set forth in Paragraph 61.

62.     The allegations in Paragraph 62 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

63.     The Navy admits that Naval Facilities Engineering Systems Command (NAVFAC) Hawaii provides engineering, real estate, and

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

10

environmental management services to Department of the Navy, other DoD and non-DoD tenants within Navy Region Hawaii, but denies the remaining allegations set forth in Paragraph 63.

## STATUTORY BACKGROUND

## Clean Water Act

64. The allegations set forth in Paragraph 64 characterize the opinion in *Gwaltney of Smithfield v. Chesapeake Bay Foundation*, 484 U.S. 49 (1987), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the opinion in *Gwaltney of Smithfield v. Chesapeake Bay Foundation*, 484 U.S. 49 (1987).

65. The allegations set forth in Paragraph 65 characterize 33 U.S.C. § 1311(a), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1311(a).

66. The allegations set forth in Paragraph 66 characterize 33 U.S.C. § 1311(a), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1311(a).

67. The allegations set forth in Paragraph 67 characterize the opinion in *Gwaltney of Smithfield v. Chesapeake Bay Foundation*, 484 U.S. 49 (1987), and David M. Bearden et. al., Cong. Rsch. Serv., RL30798, *Environmental Laws: Summaries of Major Statutes Administered by the Environmental Protection Agency* 25 (2011), which speak for themselves and are the best evidence of their

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

11

contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the opinion in *Gwaltney of Smithfield v. Chesapeake Bay Foundation*, 484 U.S. 49 (1987), David M. Bearden et. al., Cong. Rsch. Serv., RL30798, *Environmental Laws: Summaries of Major Statutes Administered by the Environmental Protection Agency* 25 (2011).

68.    The allegations set forth in Paragraph 68 characterize 33 U.S.C. § 1342(a) and the opinion in *Sierra Club v. Va. Elec. & Power Co.*, 903 F.3d 403 (4th Cir. 2018), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1342(a) and the opinion in *Sierra Club v. Va. Elec. & Power Co.*, 903 F.3d 403 (4th Cir. 2018).

69.    The allegations set forth in Paragraph 69 characterize 33 U.S.C. § 1362(7), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1362(7).

70.    The allegations set forth in Paragraph 70 characterize 33 U.S.C. § 1362(16), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1362(16).

71.    The allegations set forth in Paragraph 71 characterize 33 U.S.C. § 1362(6) and the opinion in *Cty. of Maui v. Haw. Wildlife Fund*, 140 S. Ct. 1462 (2020), which speak for themselves and are the best evidence of their contents. To

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

12

the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1362(6) and the opinion in *Cty. of Maui v. Haw. Wildlife Fund*, 140 S. Ct. 1462 (2020).

72.   The allegations set forth in Paragraph 72 characterize 33 U.S.C. § 1362(12) and the opinion in *Cty. of Maui v. Haw. Wildlife Fund*, 140 S. Ct. 1462 (2020), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1362(12) and the opinion in *Cty. of Maui v. Haw. Wildlife Fund*, 140 S. Ct. 1462 (2020).

73.   The allegations set forth in Paragraph 73 characterize 33 U.S.C. § 1362(14) and the opinion in *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943 (9th Cir. 2002), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1362(14) and the opinion in *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943 (9th Cir. 2002).

74.   The allegations set forth in Paragraph 74 characterize 33 U.S.C. § 1365(a)(1) & (f), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1365(a)(1) & (f).

75.   The allegations set forth in Paragraph 75 characterize 33 U.S.C. § 1365(f)(1) and the opinion in *Am. Frozen Food Inst. v. Train*, 539 F.2d 107 (D.C.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

13

Cir. 1976), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1365(f)(1) and the opinion in *Am. Frozen Food Inst. v. Train*, 539 F.2d 107 (D.C. Cir. 1976).

76.    The allegations set forth in Paragraph 76 characterize 33 U.S.C. § 1362(5), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1362(5).

77.    The allegations set forth in Paragraph 77 characterize 33 U.S.C. § 1365(d) and the opinion in *St. John's Organic Farm v. Gem County Mosquito Abatement Dist.*, 574 F.3d 1054 (9th Cir. 2009), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 33 U.S.C. § 1365(f)(1) and the opinion in *St. John's Organic Farm v. Gem County Mosquito Abatement Dist.*, 574 F.3d 1054 (9th Cir. 2009).

Resource Conservation and Recovery Act

78.    The allegations in Paragraph 78 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

79.    The allegations in Paragraph 79 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

14

80.    The allegations in Paragraph 80 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

81.    The allegations in Paragraph 81 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

82.    The allegations in Paragraph 82 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

83.    The allegations in Paragraph 83 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

84.    The allegations in Paragraph 84 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

85.    The allegations in Paragraph 85 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

## FACTUAL BACKGROUND

### The Red Hill Bulk Fuel Storage Facility

86.    The allegations in Paragraph 86 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

87.    The allegations in Paragraph 87 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

15

88.     The Navy admits that the Red Hill Bulk Fuel Storage Facility ("Facility") includes twenty field constructed underground storage tanks, tunnels, pipelines, surge tanks, and ground storage tanks, but denies the remaining allegations in Paragraph 88.

89.     The Navy denies the allegations set forth in Paragraph 89.

90.     The allegations set forth in Paragraph 90 characterize a PowerPoint presentation provided by Ramon Mendoza, Pearl Harbor Hotel Pier Release (2021), available at https://health.hawaii.gov/ust/files/2021/11/R-Pearl-Harbor-Hotel-Pier-Release.USCG_.Area_.Mtg_.ppt.pdf, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the PowerPoint presentation provided by Ramon Mendoza, Pearl Harbor Hotel Pier Release ("Hotel Pier PowerPoint").

91.     The allegations set forth in Paragraph 91 characterize the Hotel Pier PowerPoint and a draft report prepared for the Naval Facilities Engineering Command entitled Hotel Pier Plume Delineation Pearl Harbor Naval Supply Center (2021) ("Draft Plume Delineation"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the PowerPoint presentation provided by Ramon Mendoza, Pearl Harbor Hotel Pier Release.

92.     The allegations set forth in Paragraph 92 characterize a report prepared by Michael Baker Int'l, entitled 2019 One-Time Static Liquid Pressure Testing Report of Four Sections ([redacted] Feet) of Petroleum Pier Pipelines (2019), available at https://health.hawaii.gov/ust/files/2021/11/R-2019-08-13-REDACTED-JBPHH-2019-One-time-SLPT-of-Four-Sections-xxxxx-Feet-of-Pier-

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF CASE NO. 1:22-cv-00272

16

Pipelines.pdf, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2019 One-Time Static Liquid Pressure Testing Report of Four Sections ([redacted] Feet) of Petroleum Pier Pipelines.

93.     The allegations set forth in Paragraph 93 characterize the Hotel Pier PowerPoint, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Hotel Pier PowerPoint.

94.     The allegations set forth in Paragraph 94 characterize the Hotel Pier PowerPoint, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Hotel Pier PowerPoint.

95.     The allegations set forth in Paragraph 95 characterize a report prepared by the Enterprise Engineering, Inc. entitled *Integrity Management Plan – POL Pipelines NAVSUP FLC Pearl Harbor, HI (PRL)* 6 (Interim Final Submission, 2015), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the *Integrity Management Plan – POL Pipelines NAVSUP FLC Pearl Harbor, HI (PRL)* 6 (Interim Final Submission, 2015).

96.     The Navy admits the allegations set forth in Paragraph 96.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

17

97.    The Navy admits the allegations set forth in Paragraph 97 with regard to Kilo, Sierra, Mike, and Bravo piers, but denies the allegations with regard to Hotel pier.

98.    The allegations in Paragraph 98 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

99.    The allegations in Paragraph 99 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

100.    The allegations in Paragraph 100 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

101.    The allegations in Paragraph 101 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

102.    The allegations in Paragraph 102 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

103.    The allegations in Paragraph 103 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

104.    The allegations in Paragraph 104 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

18

105.   The allegations in Paragraph 105 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

106.   The allegations in Paragraph 106 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

107.   The allegations in Paragraph 107 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

108.   The allegations in Paragraph 108 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

109.   The allegations in Paragraph 109 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

110.   The allegations in Paragraph 110 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

111.   The allegations in Paragraph 111 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

112.   The allegations in Paragraph 112 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

19

113.    The allegations in Paragraph 113 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

114.    The allegations in Paragraph 114 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

115.    The allegations in Paragraph 115 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

116.    The allegations in Paragraph 116 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

117.    The allegations in Paragraph 117 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

118.    The allegations in Paragraph 118 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

119.    The allegations in Paragraph 119 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

120.    The allegations in Paragraph 120 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

20

121.    The allegations in Paragraph 121 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

122.    The allegations in Paragraph 122 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

123.    The allegations in Paragraph 123 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

124.    The allegations in Paragraph 124 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

125.    The allegations in Paragraph 125 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

126.    The allegations in Paragraph 126 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

127.    The allegations in Paragraph 127 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

128.    The allegations in Paragraph 128 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

21

129.   The allegations in Paragraph 129 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

130.   The allegations in Paragraph 130 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

131.   The allegations in Paragraph 131 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

132.   The allegations in Paragraph 132 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

133.   The allegations in Paragraph 133 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

134.   The allegations in Paragraph 134 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

135.   The allegations in Paragraph 135 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

136.   The allegations in Paragraph 136 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

22

137.   The allegations in Paragraph 137 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

138.   The allegations in Paragraph 138 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

139.   The allegations in Paragraph 139 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

140.   The allegations set forth in Paragraph 140 characterize the Hawaii Department of Health Final Emergency Order, Dkt. No. 22-UST-EA-01 (May 6, 2022) ("Final Emergency Order") which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Final Emergency Order.

141.   The allegations set forth in Paragraph 141 characterize the Final Emergency Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Final Emergency Order.

142.   The allegations set forth in Paragraph 142 characterize the Final Emergency Order, and various unspecified closure plans and supplemental documents, which speak for themselves and are the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

23

language of the Final Emergency Order, or the unspecified closure plans and supplemental documents.

143. The allegations in Paragraph 143 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

144. The allegations in Paragraph 144 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

145. The allegations in Paragraph 145 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

146. The allegations in Paragraph 146 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

147. The allegations in Paragraph 147 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

148. The allegations in Paragraph 148 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

149. The allegations in Paragraph 149 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

150. The allegations in Paragraph 150 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

24

151.    The allegations in Paragraph 151 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

152.    The allegations in Paragraph 152 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

153.    The allegations in Paragraph 153 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

154.    The allegations in Paragraph 154 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

155.    The allegations in Paragraph 155 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

156.    The allegations in Paragraph 156 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

157.    The allegations in Paragraph 157 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

158.    The allegations in Paragraph 158 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

25

159.    The allegations in Paragraph 159 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

160.    The allegations set forth in Paragraph 160 characterize the 2023 Administrative Consent Order (EPA Dkt. No. RCRA 7003-R9-2023-001, EPA Dkt. No. PWS-AO-2023-001) ("2023 Consent Order"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order.  To the extent that allegations in Paragraph 160 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

161.    The allegations set forth in Paragraph 161 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order.  To the extent that allegations in Paragraph 161 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

162.    The allegations set forth in Paragraph 162 characterize the 2023 Consent Order and Hawaii Administrative Rules ("HAR") Subchapter 6, which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order or HAR Subchapter 6.  To the extent that allegations in Paragraph 162 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

26

163. The allegations set forth in Paragraph 163 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order. To the extent that allegations in Paragraph 163 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

164. The allegations set forth in Paragraph 164 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order. To the extent that allegations in Paragraph 164 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

165. The allegations set forth in Paragraph 165 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order. To the extent that allegations in Paragraph 165 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

166. The allegations set forth in Paragraph 166 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order. To the extent that allegations in Paragraph 166 relate

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

27

solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

167. The allegations set forth in Paragraph 167 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order. To the extent that allegations in Paragraph 167 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

168. The allegations set forth in Paragraph 168 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order. To the extent that allegations in Paragraph 168 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

169. The allegations set forth in Paragraph 169 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order. To the extent that allegations in Paragraph 169 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

170. The allegations set forth in Paragraph 170 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

28

that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order.  To the extent that allegations in Paragraph 170 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

171.    The allegations set forth in Paragraph 171 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order.  To the extent that allegations in Paragraph 171 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

172.    The allegations set forth in Paragraph 172 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order.  To the extent that allegations in Paragraph 172 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

173.    The allegations set forth in Paragraph 173 characterize the 2023 Consent Order, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2023 Consent Order.  To the extent that allegations in Paragraph 173 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

29

174.   The allegations in Paragraph 174 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

175.   The allegations in Paragraph 175 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

176.   The allegations in Paragraph 176 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

177.   The allegations in Paragraph 177 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

178.   The allegations in Paragraph 178 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

179.   The allegations in Paragraph 179 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

180.   The allegations in Paragraph 180 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

181.   The allegations in Paragraph 181 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

30

182. The allegations in Paragraph 182 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

183. The allegations in Paragraph 183 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

184. The allegations in Paragraph 184 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

185. The allegations in Paragraph 185 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed. ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

186. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 186 and therefore denies the allegations.

187. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 187 and therefore denies the allegations.

188. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 188 and therefore denies the allegations.

189. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 189 and therefore denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF CASE NO. 1:22-cv-00272

31

190.  The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 190 and therefore denies the allegations.

191.  The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 191 and therefore denies the allegations.

192.  The Navy denies the allegations set forth in Paragraph 192.

193.  The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 193 and therefore denies the allegations.

194.  The allegations set forth in Paragraph 194 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

195.  The allegations set forth in Paragraph 195 characterize a document prepared by the EPA entitled *National Priorities List Site Narrative for Pearl Harbor Naval Complex* (July 29, 1991), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the *National Priorities List Site Narrative for Pearl Harbor Naval Complex* (July 29, 1991).

196.  The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 196 and therefore denies the allegations.

197.  The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 197 and therefore denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

32

198.   The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 198 and therefore denies the allegations.

199.   The Navy admits the allegations set forth in Paragraph 199.

200.   The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 200 and therefore denies the allegations.

201.   The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 201 and therefore denies the allegations.

202.   The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 202 and therefore denies the allegations.

203.   The Navy admits the allegations set forth in Paragraph 203.

204.   The Navy admits the allegations set forth in Paragraph 204.

205.   The allegations set forth in Paragraph 205 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

206.   The allegations set forth in Paragraph 206 characterize the *Draft Hotel Pier Plume Delineation, Pearl Harbor Naval Supply Center* ("Draft Plume Delineation") (May 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

207.   The allegations set forth in the first sentence of Paragraph 207 characterize the Draft Plume Delineation, which speaks for itself and is the best

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

33

evidence of its contents.  To the extent that a response is required, the Navy denies the allegations to the extent they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.  The Navy admits the allegations set forth in the second sentence of Paragraph 207.

208.    The allegations set forth in Paragraph 208 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

209.    The allegations set forth in Paragraph 209 characterize the Haw. Dep't of Health, Notice of Interest in a Release or Threatened Release of Hazardous Substances (Dec. 21, 2020) and the Haw. Dep't of Health, Emergency Order (Dec. 5, 2021), available at https://health.hawaii.gov/about/files/2021/12/Emergency-Order-12.05.2021-signed.pdf ("2021 Emergency Order"), which speaks for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Notice of Interest in a Release or Threatened Release of Hazardous Substances and the 2021 Emergency Order.

210.    The allegations set forth in Paragraph 210 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

211.    The allegations set forth in Paragraph 211 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

34

To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

212.   The allegations set forth in Paragraph 212 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

213.   The allegations set forth in Paragraph 213 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

214.   The allegations set forth in Paragraph 214 characterize the Haw. Dep't of Health, Notice of Interest in a Release or Threatened Release of Hazardous Substances (Dec. 21, 2020) and the 2021 Emergency Order, which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Notice of Interest in a Release or Threatened Release of Hazardous Substances and the 2021 Emergency Order.

215.   The Navy admits the allegations set forth in Paragraph 215.

216.   The Navy denies the allegations set forth in Paragraph 216.

217.   The allegations set forth in Paragraph 217 characterize an email from James Saul, U.S. Navy, to Sherri Eng, U.S. Navy (Feb. 2, 2021) ("Email from Saul to Eng"), which speaks for itself and is the best evidence of its contents. To the

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

35

extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from Saul to Eng.

218. The allegations set forth in Paragraph 218 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

219. The allegations set forth in Paragraph 219 characterize a letter from J.G. Meyer, Captain, U.S. Navy, to Keith Kawaoka, Deputy Dir. for Env't Health, State of Haw. Dep't of Pub. Health (Jan. 14, 2021), available at https://health.hawaii.gov/ust/files/2021/11/R-Navy.Response.NOI_.Release-of-HS-at-H-Pier1585-1.pdf, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the letter from J.G. Meyer, Captain, U.S. Navy, to Keith Kawaoka, Deputy Dir. for Env't Health, State of Haw. Dep't of Pub. Health.

220. The allegations set forth in Paragraph 220 characterize an email from CAPT Trent Kalp, U.S. Navy, to CDR Karlie Blake, U.S. Navy (Jan. 21, 2021) ("Email from CAPT Kalp to CDR Blake"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from CAPT Kalp to CDR Blake.

221. The allegations set forth in Paragraph 221 characterize the Email from CAPT Kalp to CDR Blake, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

36

to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from CAPT Kalp to CDR Blake.

222.   The allegations set forth in Paragraph 222 characterize the Email from CAPT Kalp to CDR Blake, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from CAPT Kalp to CDR Blake.

223.   The allegations set forth in Paragraph 223 characterize an email from CAPT Trent Kalp, U.S. Navy, to CAPT James Meyer, U.S. Navy (Jan. 27, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the an email from CAPT Trent Kalp, U.S. Navy, to CAPT James Meyer, U.S. Navy (Jan. 27, 2021).

224.   The allegations set forth in Paragraph 224 characterize an email from James Saul, U.S. Navy, to Sherri Eng, U.S. Navy (Feb. 1, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the email from James Saul, U.S. Navy, to Sherri Eng, U.S. Navy (Feb. 1, 2021).

225.   The allegations set forth in Paragraph 225 characterize an email from James Saul, U.S. Navy, to Sherri Eng, U.S. Navy (Feb. 2, 2021) ("Email from Mr. Saul to Ms. Eng"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

37

language of the Email from Mr. Saul to Ms. Eng, particularly to the extent the allegation inaccurately refers to Sherri Eng as a DOH employee.

226. The allegations set forth in Paragraph 226 characterize the Email from Mr. Saul to Ms. Eng, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from Mr. Saul to Ms. Eng.

227. The allegations set forth in Paragraph 227 characterize the Email from Mr. Saul to Ms. Eng, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from Mr. Saul to Ms. Eng.

228. The allegations set forth in Paragraph 228 characterize a plan prepared by the Pacific Environmental Corporation entitled Site Specific Health & Safety Plan for the Hotel Piers Spill Investigation & Mitigation, Pearl Harbor, Honolulu, Hawaii (2021), available at https://health.hawaii.gov/ust/files/2021/11/PENCO-HOTEL-PIERS-HSSITE-PLAN.pdf, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Site Specific Health & Safety Plan for the Hotel Piers Spill Investigation & Mitigation.

229. The allegations set forth in Paragraph 229 characterize an email from CAPT James Meyer, U.S. Navy, to CDR James Sullivan, U.S. Navy (Feb. 4, 2021) ("Email from CAPT Meyer to CDR Sullivan"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

38

denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from CAPT Meyer to CDR Sullivan.

230. The allegations set forth in Paragraph 230 characterize the Email from CAPT Meyer to CDR Sullivan, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from CAPT Meyer to CDR Sullivan.

231. The allegations set forth in Paragraph 231 characterize the Email from CAPT Meyer to CDR Sullivan, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from CAPT Meyer to CDR Sullivan.

232. The allegations set forth in Paragraph 232 characterize an email from CAPT Meyer to CDR Sullivan, U.S. Navy (Feb. 4, 2021) ("Email from CDR Sullivan to CAPT Meyer"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from CDR Sullivan to CAPT Meyer.

233. The allegations set forth in Paragraph 233 characterize a report prepared by Michael Baker International entitled 2021 One-time Leak Detection Testing Report of 11 Sections of Petroleum Pipelines, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of 2021 One-time Leak Detection Testing Report of 11 Sections of Petroleum Pipelines.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

39

234.   The allegations set forth in Paragraph 234 characterize an Incident Status Summary (Mar. 17, 2021), available at https://health.hawaii.gov/ust/files/2021/11/R-INCIDENT-STATUS-SUMMARY-3-17-21.pdf ("Incident Status Summary (Mar. 17, 2021)"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Incident Status Summary (Mar. 17, 2021).

235.   The Navy admits that the investigation into the source of the 2020 Hotel Pier Discharges did not reach a final conclusion identifying the source for at least 365 days after the Navy initially notified DOH of the release, but denies the remaining allegations set forth in Paragraph 235.

236.   The allegations set forth in Paragraph 236 characterize an Incident Status Summary (Mar. 17, 2021), available at https://health.hawaii.gov/ust/files/2021/11/R-INCIDENT-STATUS-SUMMARY-3-17-21.pdf, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Incident Status Summary.

237.   The allegations set forth in Paragraph 237 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

238.   The allegations set forth in Paragraph 238 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

40

To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

239.   The allegations set forth in Paragraph 239 characterize a letter from Keith Kawaoka, Deputy Director for Env't Health, Haw. Dep't of Health, State of Haw., to Timothy Kott, Rear Admiral, U.S. Navy 1 (June 30, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the letter from Keith Kawaoka to RADM Timothy Kott.

240.   The allegations set forth in Paragraph 240 characterize an Incident Status Summary 1 (July 15, 2021), available at https://health.hawaii.gov/ust/files/2021/11/INCIDENT-STATUSSUMMARY-7-15-21.pdf ("Incident Status Summary 1 (July 15, 2021)"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Incident Status Summary 1 (July 15, 2021).

241.   The Navy admits the allegations set forth in Paragraph 241.

242.   The allegations set forth in Paragraph 242 characterize the Initial Abatement Measures & Site Assessment, Hotel Pier (Aug. 2, 2021), available at https://health.hawaii.gov/ust/files/2021/11/R-2021-08-02-Hotel-Pier-initialabatement-and-site-assessment.pdf, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

41

contained in the plain language of the Initial Abatement Measures & Site Assessment, Hotel Pier.

243.  The allegations set forth in Paragraph 243 characterize an email from Sherri Eng, U.S. Navy, to Roxanne Kwon, Haw. Dep't of Health (Aug. 2, 2021) attachment at 1, available at https://health.hawaii.gov/ust/files/2021/11/R-2021-08-02-email-I-abatement-mea-siteassessment.pdf ("Email from Sherri Eng to Roxanne Kwon (Aug. 2, 2021)"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from Sherri Eng to Roxanne Kwon (Aug. 2, 2021).

244.  The allegations set forth in Paragraph 244 characterize the Email from Sherri Eng to Roxanne Kwon (Aug. 2, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Email from Sherri Eng to Roxanne Kwon (Aug. 2, 2021).

245.  The allegations set forth in Paragraph 245 characterize a report entitled *Quarterly Release Report Hotel Pier* (2022), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the *Quarterly Release Report Hotel Pier* (2022).

246.  The allegations set forth in Paragraph 246 characterize the *Quarterly Release Report Hotel Pier* (2022), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the *Quarterly Release Report Hotel Pier* (2022).

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

42

247.   The allegations set forth in Paragraph 247 characterize the *Quarterly Release Report Hotel Pier* (2022), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the *Quarterly Release Report Hotel Pier* (2022).

248.   The allegations set forth in Paragraph 248 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

249.   The Navy denies the allegations set forth in Paragraph 249.

250.   The Navy denies the allegations set forth in Paragraph 250.

251.   The Navy admits the allegations set forth in Paragraph 251.

252.   The allegations set forth in Paragraph 252 characterize the Simpson Gumpertz & Heger, Inc., Final Assessment Report, Assessment of Red Hill Underground Fuel Storage Facility (April 29, 2022) ("SGH Assessment"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the SGH Assessment.

253.   The allegations set forth in Paragraph 253 characterize the Haw. Dep't of Heath, Enclosure to DOH Response to JTF-RH Response to DOH Requests for Information Regarding Red Hill Bulk Fuel Storage Facility Defueling Plan (January 2023), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

43

the Haw. Dep't of Heath, Enclosure to DOH Response to JTF-RH Response to DOH Requests for Information Regarding Red Hill Bulk Fuel Storage Facility Defueling Plan (January 2023).

254.   The allegations set forth in Paragraph 254 characterize the Haw. Dep't of Heath, Enclosure to DOH Response to JTF-RH Response to DOH Requests for Information Regarding Red Hill Bulk Fuel Storage Facility Defueling Plan (January 2023), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Haw. Dep't of Heath, Enclosure to DOH Response to JTF-RH Response to DOH Requests for Information Regarding Red Hill Bulk Fuel Storage Facility Defueling Plan (January 2023).

255.   The allegations set forth in Paragraph 255 characterize the Haw. Dep't of Heath, Enclosure to DOH Response to JTF-RH Response to DOH Requests for Information Regarding Red Hill Bulk Fuel Storage Facility Defueling Plan (January 2023), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Haw. Dep't of Heath, Enclosure to DOH Response to JTF-RH Response to DOH Requests for Information Regarding Red Hill Bulk Fuel Storage Facility Defueling Plan (January 2023).

256.   The allegations set forth in Paragraph 256 characterize the SGH Assessment, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the SGH Assessment.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

257. The allegations set forth in Paragraph 257 characterize the SGH Assessment, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the SGH Assessment.

258. The allegations set forth in Paragraph 258 characterize the SGH Assessment, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the SGH Assessment.

259. The allegations set forth in Paragraph 259 characterize the Joint Task Force- Red Hill, Defueling Consolidation Repair/Enhancement List (October 24, 2022), which speaks for itself and is the best evidence of its contents.  To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Joint Task Force- Red Hill, Defueling Consolidation Repair/Enhancement List (October 24, 2022).

260. The allegations set forth in Paragraph 260 characterize the Haw. Dep't of Heath, Enclosure to DOH Response to JTF-RH Response to DOH Requests for Information Regarding Red Hill Bulk Fuel Storage Facility Defueling Plan (January 2023), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Haw. Dep't of Heath, Enclosure to DOH Response to JTF-RH Response to DOH Requests for Information Regarding Red Hill Bulk Fuel Storage Facility Defueling Plan (January 2023).

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

45

261. The Navy denies the allegations set forth in the first sentence of Paragraph 261. The allegations set forth in the second sentence of Paragraph 261 characterize the Joint Task Force- Red Hill, Defueling Consolidation Repair/Enhancement List (October 24, 2022), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Joint Task Force- Red Hill, Defueling Consolidation Repair/Enhancement List (October 24, 2022).

262. The Navy denies the allegations set forth in Paragraph 262.

263. The Navy admits that, as of the filing of the Third Amended Complaint, Hotel Pier remained in use to transport fuel, but denies the remaining allegations set forth in Paragraph 263.

264. The allegations set forth in Paragraph 264 characterize the Final Emergency Order and the 2023 Consent Order, which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Final Emergency Order and the 2023 Consent Order.

265. The Navy admits that the fuel piping at Hotel Pier is encased in concrete slabs above Pearl Harbor during high tide, and that some non-fuel piping at Hotel Pier is above or in Pearl Harbor during high tide. The Navy denies the remaining allegations set forth in Paragraph 265.

266. The Navy admits the allegations set forth in Paragraph 266.

267. The allegations set forth in Paragraph 267 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

46

268.   The allegations set forth in Paragraph 268 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

269.   The allegations set forth in Paragraph 269 characterize a letter from Sherri Eng, Dir., Reg'l Env't Dep't, U.S. Navy, to Roxanne Kwan, Haw. Dep't of Health (July 23, 2021) and the DOH Final Decision, which speak for themselves and are the best evidence of their contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the letter from Sherri Eng, Dir., Reg'l Env't Dep't, U.S. Navy, to Roxanne Kwan, Haw. Dep't of Health (July 23, 2021) and the DOH Final Decision.

270.   The allegations set forth in Paragraph 270 characterize a letter from Kathleen Ho, Deputy Director for Env't Health, to RADM Timothy Kott, U.S. Navy (Sept. 20, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the letter from Kathleen Ho, Deputy Director for Env't Health, to RADM Timothy Kott, U.S. Navy (Sept. 20, 2021).

271.   The allegations set forth in Paragraph 271 characterize a Confirmed Release Notification Form (July 23, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Confirmed Release Notification Form (July 23, 2021).

272.   The allegations set forth in Paragraph 272 characterize the Confirmed Release Notification Form (July 23, 2021), which speaks for itself and is the best

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

47

evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Confirmed Release Notification Form (July 23, 2021).

273.   The allegations set forth in Paragraph 273 characterize the Confirmed Release Notification Form (July 23, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Confirmed Release Notification Form (July 23, 2021).

274.   The allegations set forth in Paragraph 274 characterize the Confirmed Release Notification Form (July 23, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Confirmed Release Notification Form (July 23, 2021).

275.   The allegations set forth in Paragraph 275 characterize the Confirmed Release Notification Form (July 23, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Confirmed Release Notification Form (July 23, 2021).

276.   The allegations set forth in Paragraph 276 characterize a letter from Kathleen Ho, Deputy Director for Env't Health, to RADM Timothy Kott, U.S. Navy (Sept. 20, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations

Defendants' Answer to Plaintiffs' Third Amended Complaint for
Declaratory Relief and Injunctive Relief
Case No. 1:22-cv-00272

48

to the extent that they are inconsistent with or otherwise not contained in the plain language of the letter from Kathleen Ho, Deputy Director for Env't Health, to RADM Timothy Kott, U.S. Navy (Sept. 20, 2021).

277.   The allegations set forth in Paragraph 277 characterize the letter from Kathleen Ho, Deputy Director for Env't Health, to RADM Timothy Kott, U.S. Navy (Sept. 20, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the letter from Kathleen Ho, Deputy Director for Env't Health, to RADM Timothy Kott, U.S. Navy (Sept. 20, 2021).

278.   The allegations set forth in Paragraph 278 characterize the letter from Kathleen Ho, Deputy Director for Env't Health, to RADM Timothy Kott, U.S. Navy (Sept. 20, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the letter from Kathleen Ho, Deputy Director for Env't Health, to RADM Timothy Kott, U.S. Navy (Sept. 20, 2021).

279.   The allegations set forth in Paragraph 279 characterize the 2021 One-time Leak Detection Testing Report of 11 Sections of Petroleum Pipelines, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2021 One-time Leak Detection Testing Report of 11 Sections of Petroleum Pipelines.

280.   The allegations set forth in Paragraph 280 characterize the letter from Kathleen Ho, Deputy Director for Env't Health, to RADM Timothy Kott, U.S. Navy (Sept. 20, 2021), which speaks for itself and is the best evidence of its

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

49

contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the letter from Kathleen Ho, Deputy Director for Env't Health, to RADM Timothy Kott, U.S. Navy (Sept. 20, 2021).

281.   The Navy denies that, as of the filing of the Third Amended Complaint, Kilo Pier actively transports fuel, but admits the remaining allegations set forth in the first sentence of Paragraph 281.  The allegations set forth in the second sentence of Paragraph 281 characterize the Final Emergency Order and the 2023 Consent Order, which speak for themselves and are the best evidence of their contents.  To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Final Emergency Order and the 2023 Consent Order.

282.   The allegations set forth in Paragraph 282 characterize the SGH Assessment, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the SGH Assessment.

283.   The Navy admits the allegations set forth in the first sentence of Paragraph 283.  The allegations set forth in the second sentence of Paragraph 283 characterize the SGH Assessment, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the SGH Assessment.

284.   The Navy denies the allegations set forth in Paragraph 284.

285.   The allegations set forth in Paragraph 285 characterize the SGH Assessment, which speaks for itself and is the best evidence of its contents. To the

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

50

extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the SGH Assessment.

286. The Navy denies the allegations set forth in Paragraph 286.

287. The Navy denies the allegations set forth in Paragraph 287.

288. The allegations set forth in Paragraph 288 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

289. The allegations set forth in Paragraph 289 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

290. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 290 and therefore denies the allegations.

291. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 291 and therefore denies the allegations.

292. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 292 and therefore denies the allegations.

293. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 293 and therefore denies the allegations.

294. The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 294 and therefore denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

51

295.   The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 295 and therefore denies the allegations.

296.   The Navy admits the allegations set forth in Paragraph 296.  To the extent that allegations in Paragraph 296 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

297.   The allegations set forth in Paragraph 297 characterize a report prepared by the Naval Facilities Engineering Command entitled Red Hill Bulk Fuel Storage Facility Final Groundwater Protection Plan (2008), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Red Hill Bulk Fuel Storage Facility Final Groundwater Protection Plan (2008).  To the extent that allegations in Paragraph 297 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

298.   The allegations set forth in Paragraph 298 characterize a report prepared by the Naval Facilities Engineering Command entitled Red Hill Bulk Fuel Storage Facility Final Groundwater Protection Plan (2008), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Red Hill Bulk Fuel Storage Facility Final Groundwater Protection Plan (2008).  To the extent that allegations in Paragraph 298 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

52

299.   The Navy denies the allegations set forth in Paragraph 299.  To the extent that allegations in Paragraph 299 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

300.   The Navy denies the allegations set forth in Paragraph 300.  To the extent that allegations in Paragraph 300 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

301.   The Navy denies the allegations set forth in Paragraph 301.  To the extent that allegations in Paragraph 301 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

302.   The allegations set forth in Paragraph 302 characterize the Haw. Dep't of Health, Hearings Officer's Proposed Decision and Order, Findings of Fact, and Conclusions of Law (Dec. 27, 2021), aff'd by DOH, Final Decision, Order, Findings of Fact, and Conclusions of Law (Jan. 3, 2022) ("DOH Final Decision"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the DOH Final Decision.  To the extent that allegations in Paragraph 302 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

303.   The allegations set forth in Paragraph 303 characterize a report prepared by the Naval Facilities Engineering Command entitled Red Hill Bulk Fuel Storage Facility Final Groundwater Protection Plan (2008), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Red Hill Bulk Fuel Storage Facility Final Groundwater Protection Plan (2008).  To the extent that

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

53

allegations in Paragraph 303 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

304.   The allegations set forth in Paragraph 304 characterize the Interim Update Red Hill Bulk Fuel Storage Facility Final Groundwater Protection Plan, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Interim Update Red Hill Bulk Fuel Storage Facility Final Groundwater Protection Plan. To the extent that allegations in Paragraph 304 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

305.   The Navy admits that a release of fuel was discovered and reported on January 13, 2014, approximately one month after Tank 5 was placed back in service following cleaning, inspection, and repairs, but denies the remaining allegations set forth in Paragraph 305. To the extent that allegations in Paragraph 305 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

306.   The Navy denies the allegations set forth in Paragraph 306. To the extent that allegations in Paragraph 306 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

307.   The allegations set forth in Paragraph 307 characterize the 2015 AOC, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2015 AOC. To the extent that allegations in Paragraph 307 relate solely to Plaintiffs'

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

54

RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

308.   The allegations set forth in Paragraph 308 characterize the 2015 AOC, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2015 AOC.  To the extent that allegations in Paragraph 308 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

309.   The allegations set forth in Paragraph 309 characterize the 2015 AOC, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2015 AOC.  To the extent that allegations in Paragraph 309 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

310.   The allegations set forth in Paragraph 310 characterize Petitioner's Post-Hr'g Mem., In the Matter of Red Hill Bulk Fuel Storage Facility, U.S. EPA Dkt. No. RCRA 7003- R9-2015-01, Haw. Dep't of Health Dkt. No. 15-UST-EA-01 (2015) ("HBWS Post-Hr'g Mem."), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the HBWS Post-Hr'g Mem.  To the extent that allegations in Paragraph 310 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

55

311.    The Navy denies the allegations set forth in Paragraph 311.  To the extent that allegations in Paragraph 311 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

312.    The Navy admits the allegations set forth in Paragraph 312.  To the extent that allegations in Paragraph 312 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

313.    The allegations set forth in Paragraph 313 characterize the 2015 AOC, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2015 AOC.  To the extent that allegations in Paragraph 313 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

314.    The Navy admits the allegations set forth in Paragraph 314.  To the extent that allegations in Paragraph 314 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

315.    The Navy admits the allegations set forth in Paragraph 315.  To the extent that allegations in Paragraph 315 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim.  ECF No. 127 at 29-30.

316.    The Navy admits that due to the order from the Secretary of Defense in March 2022 to close the Red Hill Bulk Fuel Storage Facility, Sections 2-5 and 8 of the 2015 Red Hill Administrative Order on Consent ("2015 AOC") were overcome by events and no longer required.  Of the remaining two active sections of the 2015 AOC, Sections 6 and 7, the regulatory agencies have asked the Navy not to resubmit the Investigation and Remediation of Releases Report under the 2015 AOC, but instead to proceed with the environmental remediation work

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

56

required for facility closure under the Final Emergency Order and the 2023 Consent Order. Currently, the Navy has only five remaining deliverables that are all currently in progress with regulatory involvement – Vadose Zone Model, Conceptual Site Model, Groundwater Flow Model, Contaminant Fate & Transport Model, and Sentinel Monitoring Well Network. The Navy denies the remaining allegations set forth in Paragraph 316. To the extent that allegations in Paragraph 316 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

317. The allegations set forth in Paragraph 317 characterize a web page article, Christina Jedra, Regulators Were Watching the Navy's Red Hill Fuel Facility. What Went Wrong?, Honolulu Civil Beat (Feb. 24, 2022), available at http://www.civilbeat.org/2022/02/regulators-werewatching-the-navys-red-hill-fuel-facilitywhat-went-wrong/, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the web page article, Regulators Were Watching the Navy's Red Hill Fuel Facility. What Went Wrong?. To the extent that allegations in Paragraph 317 relate solely to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the claim. ECF No. 127 at 29-30.

318. The Navy denies the allegations set forth in Paragraph 318.

319. The allegations set forth in Paragraph 319 characterize the Hotel Pier PowerPoint, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Hotel Pier PowerPoint.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

57

320. The allegations set forth in Paragraph 320 characterize the Hotel Pier PowerPoint, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Hotel Pier PowerPoint.

321. The allegations set forth in Paragraph 321 characterize the Hotel Pier PowerPoint, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Hotel Pier PowerPoint.

322. The allegations set forth in Paragraph 322 characterize the Hotel Pier PowerPoint, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Hotel Pier PowerPoint.

323. The allegations set forth in Paragraph 323 characterize the Hotel Pier PowerPoint, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Hotel Pier PowerPoint.

324. The allegations set forth in Paragraph 324 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

58

325. The allegations set forth in Paragraph 325 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

326. The allegations set forth in Paragraph 326 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

327. The allegations set forth in Paragraph 327 characterize the Draft Plume Delineation, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Draft Plume Delineation.

328. The allegations set forth in Paragraph 328 characterize a report prepared by the Enterprise Engineering, Inc. entitled Integrity Management Plan – POL Pipelines NAVSUP FLC Pearl Harbor, HI (PRL) (Interim Final Submission, 2015), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained in the plain language of the Integrity Management Plan – POL Pipelines NAVSUP FLC Pearl Harbor, HI (PRL) (Interim Final Submission, 2015).

329. The allegations set forth in Paragraph 329 characterize a report prepared by the Naval Facilities Engineering Command, Annual Performance Monitoring Report Product Recovery System Remedial Action Area (RAA-1)

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

59

(2015), available at

https://health.hawaii.gov/ust/files/2021/11/42nd.HPier_.Monitoring.Report.pdf,

which speaks for itself and is the best evidence of its contents. To the extent that a

response is required, the Navy denies the allegations to the extent that they are

inconsistent with or otherwise not contained in the plain language of the Annual

Performance Monitoring Report Product Recovery System Remedial Action Area.

330.   The allegations set forth in Paragraph 330 characterize Draft Plume

Delineation, which speaks for itself and is the best evidence of its contents. To the

extent that a response is required, the Navy denies the allegations to the extent that

they are inconsistent with or otherwise not contained in the plain language of the

Draft Plume Delineation.

331.   The Navy denies the allegations set forth in Paragraph 331.

332.   The allegations set forth in Paragraph 332 characterize the DOH Final

Decision, which speaks for itself and is the best evidence of its contents. To the

extent that a response is required, the Navy denies the allegations to the extent that

they are inconsistent with or otherwise not contained in the plain language of the

DOH Final Decision.  To the extent that allegations in Paragraph 332 relate solely

to Plaintiffs' RCRA claim, the Court dismissed without prejudice and stayed the

claim.  ECF No. 127 at 29-30.

333.   To allegations in Paragraph 333 relate solely to Plaintiffs' RCRA

claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at

29-30; *see also* ECF No. 133 at 1-2.

334.   To allegations in Paragraph 334 relate solely to Plaintiffs' RCRA

claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at

29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

60

335.   To allegations in Paragraph 335 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

336.   To allegations in Paragraph 336 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

337.   To allegations in Paragraph 337 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

338.   To allegations in Paragraph 338 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

339.   To allegations in Paragraph 339 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

340.   To allegations in Paragraph 340 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

341.   To allegations in Paragraph 341 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

342.   To allegations in Paragraph 342 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

61

343.   To allegations in Paragraph 343 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

344.   To allegations in Paragraph 344 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

345.   To allegations in Paragraph 345 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

346.   To allegations in Paragraph 346 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

347.   To allegations in Paragraph 347 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

348.   To allegations in Paragraph 348 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

349.   To allegations in Paragraph 349 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

350.   To allegations in Paragraph 350 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

62

351.    To allegations in Paragraph 351 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

352.    To allegations in Paragraph 352 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

353.    To allegations in Paragraph 353 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

354.    To allegations in Paragraph 354 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

355.    To allegations in Paragraph 355 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

356.    To allegations in Paragraph 356 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

357.    To allegations in Paragraph 357 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

358.    To allegations in Paragraph 358 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

63

359.   To allegations in Paragraph 359 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

360.   To allegations in Paragraph 360 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

361.   To allegations in Paragraph 361 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

362.   To allegations in Paragraph 362 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

363.   To allegations in Paragraph 363 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

364.   To allegations in Paragraph 364 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

365.   To allegations in Paragraph 365 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

366.   To allegations in Paragraph 366 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

64

367.   To allegations in Paragraph 367 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

368.   To allegations in Paragraph 368 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

369.   To allegations in Paragraph 369 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

370.   To allegations in Paragraph 370 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

371.   To allegations in Paragraph 371 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

372.   To allegations in Paragraph 372 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

373.   To allegations in Paragraph 373 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

374.   To allegations in Paragraph 374 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

65

375.    To allegations in Paragraph 375 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

376.    To allegations in Paragraph 376 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

377.    To allegations in Paragraph 377 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

378.    To allegations in Paragraph 378 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

379.    To allegations in Paragraph 379 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

380.    To allegations in Paragraph 380 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

381.    To allegations in Paragraph 381 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

382.    To allegations in Paragraph 382 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

66

383.   To allegations in Paragraph 383 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

384.   To allegations in Paragraph 384 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

385.   To allegations in Paragraph 385 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

386.   To allegations in Paragraph 386 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

387.   To allegations in Paragraph 387 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

388.   To allegations in Paragraph 388 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

389.   To allegations in Paragraph 389 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

390.   To allegations in Paragraph 390 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

67

391.   To allegations in Paragraph 391 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

392.   To allegations in Paragraph 392 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

393.   To allegations in Paragraph 393 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

394.   To allegations in Paragraph 394 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

395.   To allegations in Paragraph 395 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

396.   To allegations in Paragraph 396 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

397.   To allegations in Paragraph 397 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

398.   To allegations in Paragraph 398 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

68

399.    To allegations in Paragraph 399 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

400.    To allegations in Paragraph 400 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

401.    To allegations in Paragraph 401 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

402.    To allegations in Paragraph 402 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

403.    To allegations in Paragraph 403 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

404.    To allegations in Paragraph 404 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

405.    To allegations in Paragraph 405 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

406.    To allegations in Paragraph 406 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

69

407.  To allegations in Paragraph 407 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

408.  To allegations in Paragraph 408 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

409.  To allegations in Paragraph 409 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

410.  To allegations in Paragraph 410 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

411.  To allegations in Paragraph 411 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

412.  To allegations in Paragraph 412 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

413.  To allegations in Paragraph 413 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

414.  To allegations in Paragraph 414 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

70

415.   To allegations in Paragraph 415 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

416.   To allegations in Paragraph 416 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

417.   To allegations in Paragraph 417 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

418.   To allegations in Paragraph 418 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

419.   To allegations in Paragraph 419 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

420.   To allegations in Paragraph 420 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

421.   To allegations in Paragraph 421 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

422.   To allegations in Paragraph 422 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

71

423.   To allegations in Paragraph 423 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

424.   To allegations in Paragraph 424 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

425.   To allegations in Paragraph 425 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

426.   To allegations in Paragraph 426 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

427.   To allegations in Paragraph 427 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

428.   To allegations in Paragraph 428 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

429.   To allegations in Paragraph 429 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

430.   To allegations in Paragraph 430 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

72

431.    To allegations in Paragraph 431 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

432.    To allegations in Paragraph 432 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

CLAIMS FOR RELIEF

FIRST CAUSE OF ACTION

Clean Water Act

433.    The Navy restates its responses to Paragraphs 1-432 above.

434.    The allegations set forth in Paragraph 434 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

435.    The allegations set forth in Paragraph 435 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

436.    The allegations set forth in Paragraph 436 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

437.    The allegations set forth in Paragraph 437 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

438.    The allegations set forth in the first sentence of Paragraph 438 characterize 33 U.S.C. § 1365(a), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the Navy denies the allegations to the extent that they are inconsistent with or otherwise not contained

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

73

in the plain language of 33 U.S.C. § 1365(a). The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 438 and therefore denies the allegations.

439.    The allegations set forth in Paragraph 439 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

440.    The allegations set forth in Paragraph 440 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

441.    The allegations set forth in Paragraph 441 constitute conclusions of law, to which no response is required, but to the extent a response is required, the Navy denies the allegations.

442.    The Navy lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 442 and therefore denies the allegations.

SECOND CAUSE OF ACTION

Resource Conservation and Recovery Act

1.    The Navy restates its responses to Paragraphs 1-442 above.

2.    The allegations in Paragraph 2 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

3.    The allegations in Paragraph 3 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

74

4.      The allegations in Paragraph 4 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

5.      The allegations in Paragraph 5 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

6.      The allegations in Paragraph 6 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

7.      The allegations in Paragraph 7 relate solely to Plaintiffs' RCRA claim, which the Court dismissed without prejudice and stayed.  ECF No. 127 at 29-30; *see also* ECF No. 133 at 1-2.

## REQUEST FOR RELIEF

The remaining paragraphs of Plaintiffs' complaint consist of Plaintiffs' request for relief, which does not require a response.

## GENERAL DENIAL

The Navy denies each and every allegation of the amended complaint not specifically admitted in its responses to the Complaint's specific Paragraphs, set forth above. To the extent that any allegations of fact in the Complaint remain unanswered, the Navy denies such allegations.

## FIRST DEFENSE

Some or all of the claims in Plaintiffs' Third Amended Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs cannot establish an unpermitted discharge of a pollutant from a point source into a water of the United States.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

75

## THIRD DEFENSE

Plaintiffs have not and cannot justify any injunctive relief.

## FOURTH DEFENSE

Plaintiffs have failed to establish standing.

## FIFTH DEFENSE

The Court should abstain from exercising jurisdiction.

## SIXTH DEFENSE

The Court should refer the matters pleaded by Plaintiffs to the State of Hawaii and/or the United States Environmental Protection Agency under the primary jurisdiction doctrine.

## SEVENTH DEFENSE

The Navy has taken and is taking appropriate measures to ensure that there are no current, and no reasonable likelihood, of an unpermitted discharge of a pollutant from a point source into a water of the United States.

## EIGHTH DEFENSE

The Navy's investigation and remediation of historical contamination at or near Hotel Pier precludes liability and/or injunctive relief.

## NINTH DEFENSE

The Court lacks subject matter jurisdiction to the extent that a statute precludes judicial review of Plaintiffs' claims.

\*        \*        \*

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

76

Date: February 11, 2025                Respectfully submitted,

                                       LISA LYNNE RUSSELL
                                       Deputy Assistant Attorney General
                                       Environment and Natural Resources
                                       Division
                                       United States Department of Justice


                                       /s/ *Lucy E. Brown*
                                       LUCY E. BROWN
                                       PAUL CIRINO
                                       DAVID D. MITCHELL
                                       Environmental Defense Section

                                       KENNETH M. SORENSON
                                       Acting U.S. Attorney
                                       District of Hawaii

                                       DANA A. BARBATA
                                       Assistant U.S. Attorney

                                       *Attorneys for Defendants*

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

77

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following attorneys for Plaintiffs at their last known addresses:

Served Electronically through CM/ECF:

Daniel Cooper                    daniel@sycamore.law
Sycamore Law, Inc.
1004 O'Reilly Ave.
San Francisco, CA 94129


Jesse Colorado Swanhuyser        jesse@sycamore.law
Sycamore Law, Inc.
414 Olive Street
Santa Barbara, CA 93101


William A. Harrison              wharrison@hamlaw.net
Harrison & Matsuoka
1001 Bishop St. Ste. 1180
Honolulu, HI 96813


James T. Brett                   jtb@atalawgroup.com
Aqua Terra Aeris Law Group
4030 Martin Luther King Jr. Way
Oakland, CA 94609


Jason R. Flanders               jrf@atalawgroup.com
Aqua Terra Aeris Law Group
8 Rio Vista Ave.
Oakland, CA 94611


Phillip L. Gregory              pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

78

DATED: February 11, 2025, at Honolulu, Hawaii.


/s/    *Lucy E. Brown*
LUCY E. BROWN

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND INJUNCTIVE RELIEF
CASE NO. 1:22-cv-00272

79