ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

PAUL CIRINO (DC Bar #1684555)
DAVID D. MITCHELL (IL Bar #6302250)
ALEXANDER M. PURPURO (FL #1025872)
U.S. Department of Justice
Environmental & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-3468 (Cirino)
paul.cirino@usdoj.gov

*Attorneys for Defendants*

KENNETH M. SORENSON
Acting U.S. Attorney
District of Hawaii

DANA A. BARBATA #9112
Assistant U.S. Attorney
Room 6-100, PJKK Fed. Bldg.
300 Ala Moana Blvd.
Honolulu, HI 96850
Tel: (808) 541-2850
dana.barbata@usdoj.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| WAI OLA ALLIANCE, *et al.*,<br><br>       Plaintiffs,<br><br>     v.<br><br>THE UNITED STATES DEPARTMENT OF DEFENSE, *et al*.,<br><br>       Defendants. | Case No. 1:22-cv-272-LEK-RT<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH PROTECTIVE ORDER**<br><br><u>District Judge</u>: Leslie E. Kobayashi<br><u>Magistrate Judge</u>: Rom A. Trader |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................1

II.   BACKGROUND .........................................................................................2

    A.   The Protective Order ..........................................................................3

    B.   Defendants' Designations of Discovery Material as Subject to the
        Protective Order...................................................................................4

    C.   Defendants' Cooperation in Plaintiffs' Summary Judgment Exhibits .....6

    D.   Plaintiffs' Initial Challenges to Defendants' Designations and
        Defendants' Proposed Compromise .....................................................7

    E.   Plaintiffs' Second Challenges to Defendants' Designations and
        Defendants' Proposed Compromise .....................................................9

    F.   The Instant Motion to "Compel Compliance" with the Protective
        Order..................................................................................................10

III.  ARGUMENT.............................................................................................11

    A.   Plaintiffs Motion Should be Denied Because They Failed to Meet
        and Confer with Defendants Prior to Filing and Misrepresent
        Defendants' Position. .........................................................................11

    B.   Plaintiffs' Motion Is Moot Because Defendants Have Properly
        Designated the Documents Challenged by Plaintiffs. ...........................14

    C.   Defendants Remain Willing to Work with Plaintiffs to Prepare
        Redacted Versions of Motion and Trial Exhibits...................................17

    D.   Responses to Plaintiffs' Other Arguments............................................19

          1.   Plaintiffs May Use Publicly Available Information. .....................19

i

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

2.  Defendants Have Offered to Work with Plaintiffs on Publicly
Fileable Versions…………………………………………………20

3.  Defendants Have Complied with Their Discovery Obligations
Throughout This Case……………………………………...............21

IV.    CONCLUSION.................................................................................22

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

# TABLE OF AUTHORITIES

**CASES**

*Sciotto v. Ass'n of Apartment Owners of Hanalei Bay Resort*,
  No. 19-cv-00433-DKW-WRP, 2019 WL 7373026 (D. Haw. Dec. 31, 2019) .....13

**STATUTES**

10 U.S.C. § 130e .................................................................................................3

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 1 ................................................................................................4

Fed. R. Civ. P. 30(b)(6)...............................................................................4, 5

Fed. R. Civ. P. 34(b)(2)(A) ...........................................................................5

**LOCAL RULES**

LR 7.8................................................................................................................8, 11

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
## TO COMPEL COMPLIANCE WITH PROTECTIVE ORDER

## I.    INTRODUCTION

This is a quintessential example of a motion that should never have been filed.  Plaintiffs ignored Defendants' repeated requests to meet and confer, misrepresent Defendants' position in their motion and, more importantly, advance contentions that reflect a fundamental misunderstanding of the very process that they have invoked.

Plaintiffs say they need the Navy to justify its designations of protected information in 27 documents (7,000 pages) that have been marked as confidential. They argue this "delay" has "impacted" them because they need the exhibits for summary judgment motions and trial.  The obvious flaw in this argument is that the Protective Order requires only that the Navy confirm or revoke its designations; it does not require the Navy to generate redacted versions of the documents for public use.

Defendants repeatedly tried to explain this to Plaintiffs and to propose a process that would result in publicly fileable versions of documents Plaintiffs claimed they needed to use as exhibits.  But Plaintiffs wouldn't listen.  They rebuffed overtures to meet and confer and ignored Defendants' proposed compromise that would have provided them with the redacted versions that they purport to need so urgently.  Plaintiffs instead sprinted to the courthouse, only to

misrepresent Defendants' position as having "refused" to comply with their

obligations and demonstrate Plaintiffs' own flawed understanding of how the

Protective Order works.

Despite all this, the Navy has completed a review of the 27 documents in

question.  The Navy determined that all but two of the documents contain

protected information and therefore have been properly designated as confidential

and subject to the Protective Order.  Defendants will withdraw the confidentiality

designation as to the remaining two documents.

A little cooperation would have gone a long way to avoid this needless

motion, which should be denied.

## II.    BACKGROUND

Plaintiffs' Clean Water Act claim alleges "ongoing" discharges of fuel from

the Navy's fuel distribution infrastructure at Joint Base Pearl Harbor-Hickam (the

"Joint Base").  The claim is limited to the portion of the fuel system from six

aboveground storage tanks to a series of piers known as Hotel, Kilo, Mike, Bravo,

and Sierra Piers (collectively, "the Facility").  There is no evidence of any ongoing

discharges from the Facility; nor is there evidence of a reasonable likelihood that

any intermittent discharges will recur in the future.  The only releases cited by

Plaintiffs occurred in 2020 and 2021 and were resolved by the Navy years ago.

*See* Dkt. 177-78 (Plaintiffs' Motion for Partial Summary Judgment); 182-83

(Defendants' Motion for Summary Judgment).

**A.  The Protective Order**

Because Plaintiffs' claims go to the integrity of the Joint Base's fuel

infrastructure, which necessarily implicates national security, it is inevitable that

documents and testimony in this case would require the Navy to withhold

information that could compromise national security.  To that end, the parties

negotiated a Protective Order that allowed Defendants to limit the disclosure of

information that is classified as Department of Defense Critical Infrastructure

Security Information ("DCRIT")[1], while making such information available to

Plaintiffs.

Under the Protective Order, Dkt. 81, Defendants, as a "Designating Party,"

may designate "Discovery Materials" as confidential and subject to the protective

order if they have a good faith belief that such materials contain protected

---

[1]  DCRIT is defined as sensitive but unclassified information that, if disclosed,
would reveal vulnerabilities in Department of Defense critical infrastructure that, if
exploited, would likely result in the significant disruption, destruction, or damage
of or to Department of Defense operations, property, or facilities.  This includes
information regarding the securing and safeguarding of explosives, hazardous
chemicals, or pipelines, related to critical infrastructure or protected systems
owned or operated by or on behalf of the Department of Defense, including
vulnerability assessments prepared by or on behalf of the Department of Defense,
explosives safety information (including storage and handling), and other site-
specific information on or relating to installation security.  *See* 10 U.S.C. § 130e.

information, including DCRIT.  *Id.* ¶¶ 3-4.  This Court ruled that Defendants could

mark an entire document as confidential even when only a portion may contain

protected information.  Dkt. 80 at 12-15.  In so ruling, the Court expressly rejected

Plaintiffs' proposal, which "essentially would require the designating party to

identify protected information on a per-page, per-paragraph, and per-line basis."

*Id.* at 14.  The Court concluded that Defendants' approach was consistent with

Federal Rule of Civil Procedure 1 and that Plaintiffs' interests were adequately

protected by other Protective Order provisions.  *Id.* at 14-15.

### B. Defendants' Designations of Discovery Material as Subject to the Protective Order.

Throughout discovery in this case, Defendants produced *unredacted*

*versions of all documents* to Plaintiffs on a timely basis.  Defendants relied on the

Protective Order to designate entire documents as confidential and subject to the

protective order if they contained any protected information, including DCRIT.

During fact discovery, Defendants produced more than 86,000 pages in response to

Plaintiffs' five separate document requests, an additional 4,335 pages in

connection with the Rule 30(b)(6) deposition of the Navy, and additional materials

with expert disclosures.  Plaintiffs' counsel and expert have had unredacted

versions of these materials to use in connection with this case since the day the

Navy produced them.

4

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

Two of Defendants' productions warrant a detailed discussion.  On November 15, 2024, after a meet-and-confer among counsel regarding Plaintiffs' Rule 30(b)(6) deposition notice, Plaintiffs served their fifth set of document requests (and a set of interrogatories).  Cirino Decl. [2] ¶ 2.  This was problematic because the fact discovery period was to conclude on December 10, 2024, fewer than 30 days after service of the request.  *See* Fed. R. Civ. P. 34(b)(2)(A).   Rather than object to the discovery, Defendants, with Plaintiffs' consent, responded to the document requests as soon as practicable.  On December 13, 2024, Defendants produced approximately 45,000 pages pursuant to Paragraph 3(f) of the Protective Order so that Plaintiffs could receive the materials as quickly as possible in advance of initial expert disclosures on January 24, 2025.  Cirino Decl. ¶ 4 & Ex."1" at 2.  Defendants had taken the same approach in a December 5, 2025, production of 4,335 pages in response to Plaintiffs' extremely broad Rule 30(b)(6) deposition notice.  *Id.* ¶ 3 & Ex. "1" at 3.

Paragraph 3(f) of the Protective Order authorizes "pass-through" productions that "have not been subject to a complete page-by-page review for information that may be entitled to protection under Rule 26(c)" and "were obtained from a source that may contain information that may be entitled to

---

[2]  Citations to "Cirino Decl." refer to the Declaration of Paul Cirino, submitted herewith.

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

confidential treatment under Rule 26(c)." Dkt. 81 ¶ 3(f); *see also* Dkt. 80 at 8-12 (rejecting Plaintiffs' proposal that the Navy complete a page-by-page review within 45 days of the pass-through production). Although these was these were the only two pass-through productions in the case under Paragraph 3(f), they encompass 20 of the 27 documents at issue in this motion. Again, Defendants produced *unredacted* versions of these records for use by Plaintiffs' counsel and expert in this case.

## C. Defendants' Cooperation in Plaintiffs' Summary Judgment Exhibits.

In February 2025, Plaintiffs stated that they intended to file an early motion for partial summary judgment. On March 26, 2025, after Plaintiffs provided Defendants with exhibits potentially containing DCRIT that Plaintiffs intended to file with their motion, Defendants sent Plaintiffs redacted versions of the exhibits for public filing. Cirino Decl. ¶ 5 & Ex. "2." On April 4, 2025, the Court approved Defendants' redactions (with one exception) and granted Plaintiffs' second amended motion to file the exhibits under seal. Dkt. 175. On April 25, 2025, Plaintiffs filed the redacted exhibits along with their Motion for Partial Summary Judgment. Dkt. 178-3, 178-26, 178-27 (Exs. C, Y & Z).

### D.   Plaintiffs' Initial Challenges to Defendants' Designations and Defendants' Proposed Compromise

On April 11, 2025, Plaintiffs sent a letter challenging the Navy's designation of 27 documents pursuant to Paragraph 12 of the Protective Order, threatening to file a motion if Defendants did not "consider the documents listed and [] narrow and/or provide the basis for the designations.  Cirino Decl. ¶ 7 & Ex. "3" (including attached exhibit).; *see also* Cooper Decl.[3] Ex. 1.

On April 15, 2025, Defendants' counsel asked whether Plaintiffs would be open to identifying a range of relevant pages for the DCRIT challenges to help expedite review of the documents, which encompassed nearly 7,000 pages and thousands of individual designations.  Cirino Decl. ¶ 8 & Ex. "4."  Defendants also inquired as to Plaintiffs' intended use for the challenged documents to better

---

[3] Citations to "Cooper Decl." refer to the Declaration of Daniel Cooper in Support of Plaintiffs' Motion to Compel Compliance with Protective Order, dated May 30, 2025.  Dkt. 192-2.  Exhibit 1 to Mr. Cooper's declaration is a letter dated April 9, 2025.  Defendants did not receive this letter, or any letter concerning Plaintiffs' challenges to Defendants' DCRIT designations, on April 9, 2025.  Cirino Decl. ¶ 6.  Instead, Defendants received another version of a challenge letter on April 11, 2025.  *Id.*  That letter attached an "Exhibit A," which is the list of the 27 challenged documents at issue in this motion.  Cirino Decl. ¶ 7 & Ex. 3.  Plaintiffs erroneously attached this list as part of a May 13, 2025, letter referencing a different, 41-page list of DCRIT challenges, involving 160 documents and nearly 18,000 pages.  Defendants have submitted the correct versions of these letters with their corresponding attachments (except that the 41-page list has been excluded because it is not relevant to this motion).  *See* Cirino Decl. ¶¶ 6-7, 11.

7

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

understand why they were demanding such a large quantity of records in such a narrow time frame.  *Id.*

Having received no response to these questions, on April 22, 2025, the undersigned raised the issues in person with Plaintiffs' counsel following a deposition.  Cirino Decl. ¶ 9 & Ex. "5."  The undersigned counsel for Defendants stated that it would be useful for the parties to cooperate on publicly fileable versions of these highly confidential documents, as was done with the three exhibits to Plaintiffs' partial summary judgment motion.  *Id.* ¶ 9.  Plaintiffs' counsel responded that the purposes for asserting challenges to the Navy's DCRIT designations were twofold: (1) to use the documents at trial and (2) "to make the documents public."  *Id.*  Plaintiffs' counsel declined to modify any deadlines or narrow their challenge in any way.[4]  *Id.*

On May 2, 2025, despite Plaintiffs' unwillingness to work toward a mutually acceptable process and timetable, Defendants proposed a procedure by which Plaintiffs would narrow their challenges to the portions of the documents that they intended to use publicly (at trial or otherwise) and Defendants would commit to

---

[4]  Plaintiffs inaccurately describe the conversation on April 22, 2025, as the meet and confer required by Paragraph 12(c) of the Protective Order and LR 7.8. Defendants raised the issue because Plaintiffs had not responded to an email with questions.

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

reviewing those narrowed exhibits in a timely fashion.  Cirino Decl. ¶ 10 & Ex.

"6."  Specifically, Defendants proposed the following:

1. The Navy will review the designations in the following documents within
   21 days after the parties agree on a process and schedule to address
   Plaintiffs' challenges (or such a process and schedule is ordered by the
   Court): Nos. 3, 4, 5, 11, 16, 17, 23, and 27.  The Navy's response will be
   considered the Designating Party's response under Paragraph 12(c) of the
   Protective Order.

2. With respect to the remaining documents, Plaintiffs will identify the
   pages that relate to their active claim and submit the narrowed documents
   to the Navy.  The Navy will review the narrowed documents on a rolling
   basis and will provide Plaintiffs with a good faith estimate as to when it
   will provide a response under Paragraph 12(c).  The timing of that
   response will depend on the number of pages and DCRIT designations to
   be reviewed in each document and the available resources to complete
   the review.

3. If either party files a motion under Paragraph 12(e), the Navy may await
   the Court's ruling before reviewing additional documents.  This will
   avoid iterative reviews and ensure that the Navy's final designations are
   consistent with the Court's instructions.

*Id.* Ex. "6" at 2. Plaintiffs did not respond to this proposal.  *Id.* ¶ 10.

   **E.  Plaintiffs' Second Challenges to Defendants' Designations and
       Defendants' Proposed Compromise**

On May 13, 2025, Plaintiffs sent a second set of challenges to Defendants'

DCRIT designations, identifying 160 additional documents encompassing about

11,800 pages.  Cirino Decl. ¶ 11 & Ex. "7."  Plaintiffs again demanded a response

pursuant to Paragraph 12(c) of the Protective Order.  *Id.* Ex. "7."

On May 19, 2025, Defendants responded to Plaintiffs' second round of

challenges and again proposed their three-point compromise as initially set forth in

their May 3, 2025, letter.  Cirino Decl. ¶ 12 & Ex."8" at 2.  Defendants also

pointed out, among other things, that for the first time, Plaintiffs asserted that they

needed the challenged exhibits for unspecified "motion practice."  Defendants also

noted that the documents had been produced no later than December 2024, several

months before the dispositive motion deadlines, and asked why it had taken five

months for Plaintiffs to raise the issue.  *Id.*  Despite this lack of diligence by

Plaintiffs, Defendants' counsel reemphasized their willingness to work with

Plaintiffs to complete their review before the September 8, 2025, deadline for the

filing of trial exhibits, and that motion practice regarding these challenges would

be wasteful for the parties and the Court.  *Id.* ¶ 12 & Ex. "8" at 2-3.  Defendants

concluded by asking Plaintiffs to advise whether "there is anything further that we

can do to avoid unnecessary motion practice."  *Id.* Ex. "8" at 3.

Plaintiffs did not respond to Defendants' May 19, 2025, letter or

Defendants' proposed compromise.  *Id.* ¶ 12.

## F.    The Instant Motion to "Compel Compliance" with the Protective Order

On May 30, 2025, Plaintiffs filed the instant motion alleging that Defendants

failed to timely comply with the Protective Order by not justifying the first set of

27 documents (nearly 7,000 pages) within 14 days of the parties' discussion on

April 22, 2025.  Dkt. 192.  Plaintiffs request that the Court "order the Navy to

10

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

promptly comply with the Protective Order, and to ensure that the Navy comply

[sic] with the Protective Order in a timely manner as this case proceeds." *Id.* at 13.

## III.    ARGUMENT

The Protective Order permits Plaintiffs to challenge the Navy's designations

of Protected Information, including DCRIT.  Because Plaintiffs stated that they

needed versions of the documents to use in motions and at trial, Defendants

proposed to provide redacted versions—an outcome that is not available under

Protective Order.  Plaintiffs refused to discuss this with Defendants and instead

demanded that Defendants review their challenges within 14 days.

The Court should deny the motion for at least two reasons.  First, Plaintiffs'

motion should be denied because they failed to meet and confer as required by LR

7.8 and Paragraph 12(c) of the Protective Order and misrepresented Defendants'

position.  Second, Plaintiffs' motion should be denied as moot because Defendants

have completed their review of the 27 documents at issue.

### A.    Plaintiffs Motion Should be Denied Because They Failed to Meet and Confer with Defendants Prior to Filing and Misrepresent Defendants' Position.

Defendants would be remiss by failing to point out that this is the third

consecutive motion—the fourth this year—Plaintiffs have filed without first

complying with their obligations to meet and confer to try to resolve or narrow the

relevant issues.  Not only does LR 7.8 require such a conference at least seven days

prior to filing, but Paragraph 12(c) of the Protective Order mandates a meet-and-confer prior to filing a motion.[5]

In this case, given Plaintiffs' unreasonable request for a review of 18,000 pages within a relatively short time frame, their mistaken belief that their challenge would result in documents that could be used publicly in the case, and Defendants' reasonable proposal for a mutually agreeable process and time frame, it was incumbent upon Plaintiffs to at least respond to Defendants' good-faith overtures. Plaintiffs have not explained why they ignored those efforts, refused to confer, and proceeded to file this motion.[6]

---

[5] Plaintiffs' refusal to fully discuss the issues before filing a motion not only deprives the parties of an opportunity to understand each other's position and try to find common ground, but it results in wasted time and resources for the parties and the Court. This motion—and the apparent misunderstanding upon which it is based—constitutes a prime example of why the District of Hawaii and the Protective Order require a candid discussion of the issues prior to requesting the Court's intervention.

[6] Plaintiffs' counsel has made a habit of filing motions without complying with meet-and-confer requirements. In Plaintiffs' amended motion for leave to file under seal, Plaintiffs' counsel contended that a meet-and-confer regarding an earlier motion was sufficient. Dkt. 167-1 ¶ 7 (Cooper Decl.). When Plaintiffs moved for leave to file a fourth amended complaint, counsel cited an email exchange the day before filing and never advised Defendants that they intended to move to modify the Amended Rule 16 Scheduling Order. Dkt. 185-1 ¶ 5 (Cooper Decl.). In Plaintiffs' request to continue the settlement conference, Plaintiffs cited an email proposing a stipulation and instead filed a motion. Dkt. 190 ¶¶ 3-4. It is unfair and prejudicial to Defendants for Plaintiffs to continue to bypass their meet-and-confer obligations.

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

Here, Plaintiffs disingenuously argue that the parties' discussion on April

22, 2025, constituted the requisite meet-and-confer.  Cooper Decl. ¶¶ 20-21.  As

noted above, Defendants needed answers to basic questions because Plaintiffs'

rationale for the urgent review was unclear and Defendants' counsel had not had

the opportunity to review the challenged documents with the lead Navy counsel,

who had been unavailable due to a family emergency.  No substantive discussion

was had.  Because Plaintiffs failed to comply with their meet-and-confer

obligations, the Court can and should summarily deny Plaintiffs' motion.  *See, e.g.*,

*Sciotto v. Ass'n of Apartment Owners of Hanalei Bay Resort*, No. 19-cv-00433-

DKW-WRP, 2019 WL 7373026, at *4 n.3 (D. Haw. Dec. 31, 2019).

Further, Plaintiffs' motion repeatedly states that Defendants "refuse" to

comply with the Protective Order and "refused" or "declined" to review their

designations or provide a justification.  Pls.' Mot.[7] at 9, 10, 12, 13, 15, 17, 18; *see*

*also* Cooper Decl. ¶¶ 21, 25.  This is plainly inaccurate.  Defendants wrote detailed

letters to Plaintiffs' counsel proposing a process by which the Navy would review

and redact, as necessary, the records in question.  Plaintiffs evidently do not favor

---

[7]  Citations to "Pls.' Mot." refer to Plaintiffs' Motion to Compel Compliance with
Protective Order, filed May 30, 2025.  Dkt. 192.

13

that approach and did not respond.  But it is simply wrong to say that Defendants

"refuse" or have "refused" or "declined" to comply with the Protective Order.[8]

Plaintiffs' failure to comply with the local rules, and their

misrepresentations, warrant denial of their motion.

### B.  Plaintiffs' Motion Is Moot Because Defendants Have Properly Designated the Documents Challenged by Plaintiffs.

Under the Protective Order in this case, the Designating Party—here,

Defendants—has the burden of persuasion that the designation of Discovery

Materials as Protected Information was proper.  Dkt. 81 ¶ 12(c), (f).  Whether

Defendants' designations were correct depends on whether they have a good-faith

belief that the document in question contains DCRIT or other protected

information.  *Id.* 81 ¶ 3(e).  If Defendants determined in good faith that any portion

of the document contains Protected Information (such as DCRIT), then their

designation of the entire document as confidential and subject to the protective

order should be upheld.  Dkt. 80 at 12, 14 ("[T]he Court agrees with the Navy" that

"it is appropriate for a party to designate an entire document or a page as

---

[8]   This is the second consecutive motion in which Plaintiffs have misrepresented
Defendants' position.  In the request to continue the settlement conference, counsel
inaccurately stated that "the Navy declined to reschedule the settlement conference
to June 26, 2025."  Dkt. 190 ¶ 4.  In fact, Defendants told Plaintiffs that "we are
open to reviewing a draft stipulation that resets deadlines."  *See* Dkt. 190-1.
Plaintiffs never responded or submitted a draft stipulation; they instead filed a
surprise motion with the Court the following day.

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

confidential when only a portion of the document or page may be subject to protection[.]").

Notably, the Protective Order does *not* require Defendants to prepare redacted versions of the challenged documents for use with motions or at trial. Rather, the narrow question is whether the document was properly designated as confidential and subject to the Protective Order. By arguing that they have been prejudiced because Defendants did not justify their designations within the time frame in the Protective Order, Plaintiffs erroneously suggest that they somehow have been deprived of the use of the documents in question. As noted above, Plaintiffs' counsel and expert have been using unredacted versions of the 27 documents since they were produced during the fact discovery. And if Plaintiffs want to ensure that they have publicly fileable versions, they simply need to ask Defendants to review the document and allow sufficient time for Defendants to complete that review.[9]

The Court has already approved the Navy's DCRIT designations regarding two of the documents at issue here. In connection with Plaintiffs' Motion for

---

[9]  Plaintiffs also appear to have confused the Protective Order's challenge process with an agency's responsibilities under the Freedom of Information Act ("FOIA"). Unlike FOIA, as the Court has determined, the Protective Order does not require specific designations of DCRIT or a redaction-by-redaction review. Dkt. 80. This makes sense because the time frame for processing of records for public release in a FOIA case is typically much longer than the 14-day period in Paragraph 12(c) of the Protective Order.

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

Partial Summary Judgment, the Navy reviewed and provided Plaintiffs with

redacted versions of two documents that are at issue in this motion:  the "Final

Hotel Pier Plume Delineation," NAVY_0042005-46, filed as Exhibit C to

Plaintiffs' Motion for Partial Summary Judgment and also is listed as Document

No. 2 on the list of challenged documents relevant to this motion, and the

document titled "POL Out of Service Requirements FY 25," SGH0000023-26,

Exhibit Z to the motion and Document No. 27 on Plaintiffs' challenge list.

*Compare* Dkt. 178-3 and 178-26 *with* Cooper Decl. Ex. 4 at PageID.5004, 5010.

The Court has already found that these documents contain DCRIT and approved

the redacted versions.  Dkt. 175 (authorizing Plaintiffs to file the redacted versions

of both exhibits).  The Navy should not have to review these documents multiple

times, and Plaintiffs should withdraw their challenge to both exhibits and keep

track of the requests that they are making of Defendants to avoid redundancy.

    In any event, the Navy has reviewed the other 25 documents and determined

that two documents do not contain DCRIT or other Protected Information.  *See*

Floyd Decl.[10] ¶ 6.  Defendants will produce unredacted versions of the documents

identified as Nos. 3 and 4 (NAVY_0002529-31; NAVY_30B6_001940-41)

---

[10]  Citations to "Floyd Decl." refer to the Declaration of John Floyd, dated June 8,
2025, submitted herewith.

16

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

without the confidential designation in the margins to Plaintiffs within five business days.

Regarding the remaining 25 documents, the Navy has determined that all of them contain DCRIT and were properly designated as confidential and subject to the Protective Order.  Floyd Decl. ¶ 6.  Because DCRIT must be protected from public disclosure, Defendants may not publicly file the unredacted versions. Defendants, however, are willing to meet and confer with Plaintiffs to clarify any ambiguity regarding the basis for these designations.  Alternatively, upon the Court's request, Defendants will submit the unredacted versions to the Court for *in camera* review.  Now that the Navy has addressed Plaintiffs' challenges, the Court should deny this motion as moot.

### C.  Defendants Remain Willing to Work with Plaintiffs to Prepare Redacted Versions of Motion and Trial Exhibits.

As noted above, Plaintiffs' motion confuses (1) the Protective Order's process for challenging Defendants' initial designations of DCRIT and other Protected Information and the (2) very different process for creating publicly fileable versions of motion and trial exhibits, as was done in connection with Plaintiffs' Second Amended Motion to File Under Seal.  Dkt. 174.  Only the second process will provide Plaintiffs with redacted versions of exhibits that can be used in this case.

17

Plaintiffs advised Defendants that they wanted public versions of documents to use in connection with motions and at trial. On April 22, 2025, Plaintiffs' counsel represented that the challenges to Defendants' designations were to use the documents at trial and to provide them to the public. Cirino Decl. ¶ 9 & Ex. "5" at 6. Plaintiffs' May 13, 2025, letter adds that the second set of challenges are relevant to "upcoming motions practice." *Id.* Ex. "6." The "motions practice" reference seems specious, as Plaintiffs made their demand after filing their Motion for Partial Summary Judgment. As Defendants pointed out, trial exhibit lists are not due until September 8, 2025, and trial is not until October 20, 2025, so there is ample time to work together on the documents. *Id.* Ex. "6" at 2, Ex. "8" at 2.

To assist Plaintiffs with this effort, Defendants—as they have done before—proposed a process by which Plaintiffs would narrow the exhibits to the portions that they intended to use, and Defendants would propose a time frame for processing the documents, according to the volume and complexity of the exhibits at issue. Unlike the process in Paragraph 12 of the Protective Order, Defendants' proposed process would have met Plaintiffs' stated desire for versions of exhibits that could be used in this case. This is the process that resulted from the parties' cooperation in connection with Plaintiffs' Second Amended Motion to File Under Seal, and there is no reason why the parties' cooperation cannot continue until trial.

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

The problem is that Plaintiffs have asserted generalized challenges to documents totaling nearly 19,000 pages.  There is no valid reason why Plaintiffs would list 19,000 pages on their trial exhibit list, assuming there is a bench trial on the narrow issue of whether there are ongoing discharges from the Facility. Accordingly, it only makes sense for Plaintiffs to prepare the portions that they actually intend to use at trial and allow the Navy to review and prepare redacted versions of those exhibits.  That is the most efficient use of this Court's and the parties' time and resources.[11]

### D.  Responses to Plaintiffs' Other Arguments

Plaintiffs raise other arguments in their motion that may be relevant to the Court's consideration of the issues.  Defendants respond to these arguments separately.

### 1.  Plaintiffs May Use Publicly Available Information.

Plaintiffs argue that "much of the information" in the 27 documents at issue in this motion "is available to the public already."  Pls.' Mot. at 15.  While they fail to identify the categories of information that are publicly available, their assertion undercuts their arguments.  Plaintiffs are free to use and publicly file information that already is publicly available.  They do not need to use the Protective Order's

---

[11]  If Plaintiffs' ultimate concern is that these documents be made available for public consumption, Plaintiffs should avail themselves of the FOIA process.  Using litigation to circumvent the FOIA process would be a concerning precedent.

challenge process to obtain or use that information in this case.  And by admitting

that the Navy is not protecting "much of the information" that is the subject of their

challenge, they significantly undermine their argument that they have been

prejudiced by the Navy's designations.[12]

### 2.    Defendants Have Offered to Work with Plaintiffs on Publicly Fileable Versions.

The centerpiece of Plaintiffs' argument is that they have been prejudiced

because Defendants did not undertake the review set forth in the Protective Order.

Pls.' Mot. at 15-18.  In particular, they highlight a spreadsheet that they believe is

relevant to their claim and argue that they have been unable to use the document.

*Id.* at 16-17.

This argument is frivolous.  Instead of challenging the designation pursuant

to Paragraph 12 of the Protective Order, all Plaintiffs had to do is ask Defendants

to process the document for public filing, as Defendants have done with the three

exhibits relevant to Plaintiffs' partial summary judgment motion.  Indeed,

Defendants twice proposed to process this very document within 21 days of an

agreement on a mutually agreeable process.  *See* Cirino Decl. Ex. 6 at 2 (proposing

to review various specific documents); *id.* Ex. 8 at 2 (same).

---

[12]  Redacted versions of two of the 27 challenged documents are available online.

### 3.    Defendants Have Complied with Their Discovery Obligations Throughout This Case.

With no support whatsoever, Plaintiffs accuse Defendants of having "consistently abused the discovery process throughout this litigation," referring to the negotiation of the Protective Order and the scheduling of a site inspection. Pls.' Mot. at 18.  These allegations are unfounded.

Defendants negotiated a protective order in good faith and under this Court's close supervision.  On April 28, 2023, Plaintiffs were planning to file a motion to amend their complaint to add allegations regarding per- and polyfluoroalkyl substances, otherwise known as PFAS.  Dkt. 59.  Even though there was no operative complaint, the Court directed the parties to move forward as much as possible on a mutually agreeable Protective Order during this interim period.  Dkt. 64.  By June 23, 2023, the parties had identified the six issues that remained in dispute.  On July 21, 2023, the parties filed simultaneous letter briefs, and on August 9, 2023, the Court adjudicated the disputes entered the Protective Order, deciding several of the issues in Defendants' favor.  It is difficult to discern how Defendants' conduct during this process could possibly be described as "abusive" or "protracted."  Pls.' Mot. at 18.

Similarly, there is no basis for the assertion that Defendants "blocked a site inspection."  *Id.*  The Court's order reflects that the parties disagreed "regarding inspection dates [and] the scope of Plaintiffs' request."  Dkt. 104.  Plaintiffs'

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

counsel and expert completed a site inspection of the Facility on September 20, 2024.  Both Plaintiffs' counsel and expert stated that they were satisfied with their time and access at the Joint Base, and so there is no basis for Plaintiffs to complain about this issue either.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' motion should be denied.

Dated:  June 9, 2025                   Respectfully submitted,

                                       ADAM R.F. GUSTAFSON
                                       Acting Assistant Attorney General
                                       Environment & Natural Resources Division
                                       U.S. Department of Justice

                                       /s/     *Paul Cirino*
                                       PAUL CIRINO
                                       DAVID D. MITCHELL
                                       ALEXANDER M. PURPURO
                                       Environmental Defense Section

                                       KENNETH M. SORENSEN
                                       Acting U.S. Attorney
                                       District of Hawaii

                                       DANA A. BARBATA
                                       Assistant U.S. Attorney

                                       *Attorneys for Defendants*

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 9, 2025, and by the methods of service noted below, a true and correct copy of the foregoing Defendants' Motion for Summary Judgment and the accompanying Memorandum of Law in Support of Defendants' Motion for Summary Judgment was served on the following at their last known addresses:

**<u>Served Electronically through CM/ECF:</u>**

Daniel Gordon Cooper, daniel@sycamore.law

Jesse Colorado Swanhuyser, jesse@sycamore.law

Philip L. Gregory, pgregory@gregorylawgroup.com

William A. Harrison, william@harrisonlawcenter.com

Jason R. Flanders, jrf@atalawgroup.com

*Attorneys for Plaintiffs*

/s/ Paul Cirino

PAUL CIRINO

Defs.' Opposition to Pls.' Motion to Compel Compliance with Protective Order
Civil No. 22-00272 LEK-RT