IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAI OLA ALLIANCE, *et al.*, | Case No. 1:22-cv-272-LEK-RT |
| Plaintiffs, | DECLARATION OF PAUL CIRINO |
| v. | |
| THE UNITED STATES DEPARTMENT OF DEFENSE, *et al.*, | |
| Defendants. | |

# **DECLARATION OF PAUL CIRINO**

I, Paul Cirino, hereby state as follows:

1.  I am a Senior Trial Counsel with the Environmental Defense Section, Environmental and Natural Resources Division, U.S. Department of Justice. I am one of the attorneys of record in this matter representing Defendants United States Department of Defense, and others. I make the following statements upon personal knowledge and/or information and am competent to testify about them.

2.  On November 15, 2024, after a meet-and-confer among counsel regarding Plaintiffs' Rule 30(b)(6) deposition notice, Plaintiffs served their fifth set of document requests as well as a set of interrogatories. The fact discovery deadline was December 10, 2024.

3. On December 5, 2025, Defendants produced 4,335 pages pursuant to Paragraph 3(f) of the Protective Order in response to Plaintiffs' extremely broad Rule 30(b)(6) deposition notice. Exhibit "1."

4. In response to Plaintiffs' fifth set of document requests, on December 13, 2024, Defendants produced approximately 45,000 pages pursuant to Paragraph 3(f) of the Protective Order so that Plaintiffs could receive the materials as quickly as possible in advance of initial expert disclosures on January 24, 2025. Exhibit "1."

5. In February 2025, Plaintiffs stated that they intended to file an early motion for partial summary judgment. On March 26, 2025, after Plaintiffs provided Defendants with exhibits potentially containing DCRIT that Plaintiffs intended to file with their motion, Defendants sent Plaintiffs redacted versions of the exhibits for public filing. Exhibit "2."

6. I have reviewed a letter dated April 9, 2025, that is attached as Exhibit 1 to the Declaration of Daniel Cooper. Dkt. 192-1 at PageID.4988-90. Paragraph 19 of Mr. Cooper's Declaration, states that this letter was sent to Defendants on April 9, 2025. Dkt. 192-2 at PageID.5019. That assertion is inaccurate. The first time that I saw the April 9, 2025, letter was when it was filed with Plaintiffs' motion on May 30, 2025. Defendants did not receive this letter, or any letter, from

Plaintiffs' counsel concerning challenges to Defendants' DCRIT designations on April 9, 2025.

7. On April 11, 2025, Plaintiffs sent a letter challenging the Navy's designation of 27 documents pursuant to Paragraph 12 of the Protective Order. This letter referenced another document titled "Exhibit A," which was sent as part of the same email. Exhibit "3."

8. On April 15, 2025, Defendants' counsel asked whether Plaintiffs would be open to identifying a range of relevant pages for the DCRIT challenges to help expedite review of the documents, which encompassed nearly 7,000 pages and thousands of individual designations. Exhibit "4." Defendants also inquired as to Plaintiffs' intended use for the challenged documents to better understand why they were demanding such a large quantity of records in such a narrow time frame. *Id.*

9. As of April 22, 2025, Plaintiffs had not responded to the questions raised by Defendants in their April 15, 2025, email. Following a deposition, the undersigned raised the issues in person with Plaintiffs' counsel, stating that it would be useful for the parties to cooperate on publicly fileable versions of these highly confidential documents, as was done with the three exhibits to Plaintiffs' partial summary judgment motion. Exhibit "5." Plaintiffs' counsel responded that the purposes for asserting challenges to the Navy's DCRIT designations were

3
Declaration of Paul Cirino
Civ. No. 22-00272 LEK-RT

twofold: (1) to use the documents at trial and (2) "to make the documents public." *Id.* Plaintiffs' counsel declined to modify any deadlines or narrow their challenge in any way. *Id.*

10. On May 2, 2025, despite Plaintiffs' unwillingness to work toward a mutually acceptable process and timetable, Defendants proposed a three-point compromise by which Plaintiffs would narrow their challenges to the portions of the documents that they intended to use publicly (at trial or otherwise) and Defendants would commit to reviewing those narrowed exhibits in a timely fashion. Exhibit "6." Plaintiffs did not respond to this letter or the proposed compromise.

11. On May 13, 2025, Plaintiffs sent a second set of challenges to Defendants' DCRIT designations, identifying 160 additional documents encompassing about 11,800 pages. Exhibit "7."

12. On May 19, 2025, Defendants responded to Plaintiffs' second round of challenges and again proposed their three-point compromise as initially set forth in their May 3, 2025, letter. Exhibit "8." Defendants also pointed out, among other things, that for the first time, Plaintiffs asserted that they needed the challenged exhibits for unspecified "motion practice," noting that the documents had been produced no later than December 2024, several months before the dispositive motion deadlines, and asked why it had taken five months for Plaintiffs

to raise the issue. *Id.* at 2. Despite this lack of diligence by Plaintiffs, Defendants' counsel reemphasized their willingness to work with Plaintiffs to complete their review before the September 8, 2025, deadline for the filing of trial exhibits, and that motion practice regarding these challenges would be wasteful for the parties and the Court. *Id.* at 2-3. Defendants concluded by asking Plaintiffs to advise whether "there is anything further that we can do to avoid unnecessary motion practice." *Id.* at 3. Plaintiffs did not respond to this letter or the proposed compromise.

  13. The following exhibits are true and correct copies of documents cited in the accompanying Defendants' Opposition to Plaintiffs' Motion to Compel Compliance with Protective Order:

    a. Exhibit "1" is a true and correct copy of an email chain between Defendants' counsel and Plaintiffs' counsel reflecting communications between November 1, 2023, and January 24, 2025. The messages from David D. Mitchell to Kristina Hambley dated December 13, 2024, and December 5, 2025, reflect Defendants' productions under Paragraph 3(f) of the Protective Order.

    b. Exhibit "2" is a true and correct copy of an email dated March 26, 2025, from me to Kristina Hambley attaching redacted versions of three exhibits that Plaintiffs eventually publicly filed in connection with their Motion for

Partial Summary Judgment.  This exhibit excludes the other communications in the email chain as well as the redacted documents.

      c.      Exhibit "3" is a true and correct copy of a letter dated April 11, 2025, from Plaintiffs' counsel to the undersigned counsel for Defendants, regarding challenges to Defendants' designations of protected information under the Protective Order, as well as the referenced "Exhibit A."

      d.      Exhibit "4" is a true and correct copy of an email dated April 15, 2025, from Lucy E. Brown to Kristina Hambley, advising that Defendants were not prepared to schedule a meet and confer regarding Plaintiffs' challenges to Defendants' DCRIT designations and asking questions concerning Plaintiffs' April 11, 2025, letter.

      e.      Exhibit "5" is a true and correct copy of an email chain between Defendants' counsel and Plaintiffs' counsel reflecting communications between April 22, 2025, and April 29, 2025, concerning Plaintiffs' challenges to Defendants' designations of protected information.

      f.      Exhibit "6" is a true and correct copy a letter dated May 2, 2025, from the undersigned counsel for Defendants to Plaintiffs' counsel, in response to Plaintiffs' April 11, 2025, challenges to Defendants' designations of protected information.

      g.    Exhibit "7" is a true and correct copy of a letter dated May 13, 2025, from Plaintiffs' counsel to the undersigned counsel for Defendants, concerning a second set of challenges to Defendants' designations of protected information. Attached to this letter as "Exhibit A" was a 41-page list of 160 documents with bates ranges adding up to about 11,800 pages. This "Exhibit A" has been omitted from Exhibit "7" because the listed documents are not at issue in this motion.

      h.    Exhibit "8" is a true and correct copy of a letter dated May 19, 2025, from the undersigned counsel for Defendants to Plaintiffs' counsel, responding to Plaintiffs' May 13, 2025, second set of challenges to Defendants' designations of protected information.

    14.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on June 9, 2025, at Washington, D.C.

                                      /s/ *Paul Cirino*

                                      Paul Cirino
                                      Senior Trial Counsel
                                      Environmental Defense Section