# EXHIBIT 5

| | |
|---|---|
| **From:** | Daniel Cooper |
| **To:** | Brown, Lucy E. (ENRD) |
| **Cc:** | Cirino, Paul (ENRD); Kristina Hambley; Philip Gregory |
| **Subject:** | Re: [EXTERNAL] Re: summary of discussion |
| **Date:** | Tuesday, April 29, 2025 12:40:50 PM |

Lucy-

Paragraph 12 of the protective order (Dkt 81) sets out the process challenging protected information in this action. Pursuant to ¶ 12(b), Wai Ola provided notice to the Navy, initiating a challenge to the DECRIT designation for a set of documents, on 11 April 2025. ¶ 12(c) requires that counsel meet and confer as soon as practical thereafter, and not later than 10 calendar days after the Navy receives the notice. As a professional courtesy, we extended the meet and confer by one day, to 22 April 2025, and conducted the meet and confer in person after the Summers deposition. To the extent that you continue to assert that our in-person discussion of the DECRIT dispute was not a meet and confer, the Navy has violated ¶12(c) of the Protective Order.

Again pursuant to ¶ 12(c), the Navy has 14 business days to reconsider the DECRIT designation, or to explain the basis for the designation. The Navy's response is due 12 May 2025. The protective order provides ample time for the Navy to consider the documents listed and to narrow and/or provide the basis for its designations. Should the Navy fail to respond on 12 May 2025, or if the response is inadequate, Wai Ola intends to file a motion consistent with ¶ 12(e) of the protective order.

We look forward to the Navy's response.

On Mon, Apr 28, 2025 at 5:34 PM Daniel Cooper <daniel@sycamore.law> wrote:

> ---------- Forwarded message ---------
> From: **Brown, Lucy E. (ENRD)** <Lucy.E.Brown@usdoj.gov>
> Date: Mon, Apr 28, 2025 at 5:08 PM
> Subject: RE: [EXTERNAL] Re: summary of discussion
> To: Daniel Cooper <daniel@sycamore.law>
> Cc: Kristina Hambley <kristina@sycamore.law>, Cirino, Paul (ENRD) <Paul.Cirino@usdoj.gov>, Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>, Purpuro, Alexander (ENRD) <Alexander.Purpuro@usdoj.gov>, Barbata, Dana (USAHI) <Dana.Barbata@usdoj.gov>
>
>
> Hi Daniel,
>
>
> Your recollection is false.  Paul and I did not make any representations about what our clients are or are not willing and/or able to do.  We asked for additional information from Plaintiffs to understand the nature/timing of the request, which will inform the potential burden on the Navy. We informed you that we would get back to you with our clients' position, which we intend to do by the end of this week.  We do not agree that the 14-day period has been triggered, nor that the

parties have met and conferred in good faith to resolve the issue.

Regards,

Lucy E. Brown

Senior Attorney

United States Department of Justice

Environment and Natural Resources Division

(202) 598-1868

---

**From:** Daniel Cooper <daniel@sycamore.law>
**Sent:** Monday, April 28, 2025 1:54 PM
**To:** Brown, Lucy E. (ENRD) <Lucy.E.Brown@usdoj.gov>
**Cc:** Kristina Hambley <kristina@sycamore.law>; Cirino, Paul (ENRD) <Paul.Cirino@usdoj.gov>; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>; Purpuro, Alexander (ENRD) <Alexander.Purpuro@usdoj.gov>; Barbata, Dana (USAHI) <Dana.Barbata@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: summary of discussion

Lucy-

Thank you for your email. However you mischaracterize our meet and confer regarding DCRIT as a "brief conversation." It was not. The parties discussed in detail your proposal to redact documents rather than comply with the Protective Order, and you raised your objections regarding our intended use of the documents designated DECRIT once no longer protected. The parties' positions were presented and discussed. We further note that you consider our "brief conversation" regarding your request for an additional one year stay a meet and confer, while you now argue that our discussion of DECRIT--part of the same meet and confer--was not. Your position is illogical and untenable.

While we are interested in your proposals regarding DECRIT documents, your obligation to provide the rationale for the DECRIT designations within 14 working days was triggered by our meet and confer. We look forward to your timely and complete response.

On Mon, Apr 28, 2025 at 3:58 PM Brown, Lucy E. (ENRD) <Lucy.E.Brown@usdoj.gov> wrote:

> Hi Kristina,
>
> Regarding DCRIT, we do not agree that our brief conversation on April 22 was a "meet and confer" within the meaning of the protective order. We raised the issue because Plaintiffs had not responded to our email requesting further information about the purpose and timing needs of your request. As we stated, we are working with our clients to develop a response to your position. We hope to have a proposal to you by the end of the week.
>
> We understand Plaintiffs' position regarding Defendants' request for a one-year extension of the stay.
>
> Thank you,
>
> Lucy E. Brown
>
> Senior Attorney
>
> United States Department of Justice
>
> Environment and Natural Resources Division
>
> (202) 598-1868
>
> ---
>
> **From:** Kristina Hambley <kristina@sycamore.law>
> **Sent:** Monday, April 28, 2025 11:51 AM
> **To:** Cirino, Paul (ENRD) <Paul.Cirino@usdoj.gov>
> **Cc:** Daniel Cooper <daniel@sycamore.law>; Brown, Lucy E. (ENRD) <Lucy.E.Brown@usdoj.gov>; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>; Purpuro, Alexander (ENRD) <Alexander.Purpuro@usdoj.gov>; Barbata, Dana (USAHI) <Dana.Barbata@usdoj.gov>
> **Subject:** [EXTERNAL] Re: summary of discussion

Counsel,

Thanks for your email summarizing our meet and confer on April 22, 2025.

First, regarding Wai Ola's DCRIT challenge, the Protective Order in this case is clear that following a meet and confer, the Designating Party must respond within fourteen (14) business days with a change in the confidentiality designation or an explanation of the basis for the designation. ECF No. 81 par. 12(c). Having considered the Navy's request that Wai Ola identify specific sections of these documents to lessen the burden associated with the Navy's review of its own documents, Wai Ola respectfully declines. To that end, Wai Ola looks forward to the Navy's response by May 12.

Second, the Parties appear to agree that, at a minimum, a six-month extension of the current stay on the RCRA claims is appropriate. In our view, the Parties should take advantage of their agreement on this point by stipulating to a six month stay, where on or before December 13, 2025, the Parties could agree to stipulate to another extension, or the Navy could bring its proposed motion to extend the stay.

Wai Ola also notes that the Navy has proposed a one-year extension of the stay without providing sufficient justification to support the necessity of such a prolonged duration. In the absence of a clear rationale, the decision to pursue a 12-month stay appears arbitrary. While we agree that the DOD currently remains in compliance with the 2023 AOC and DOH Emergency Order, deliverables remain ongoing. For example, as recently as March 21, 2025 the EPA rejected the Navy's Site Assessment Work Plan titled "Draft Independent Data Collection in Support of Site Assessment Pilot Study, Red Hill Bulk Fuel Storage Facility, Joint Base Pearl Harbor Hickam, Hawaii, January 2025." The EPA further requested that by May 1, 2025, the Navy submit a revised Site Assessment Work Plan to implement full scale multiple lines of evidence (MLE) site assessment. As deadlines and deliverables related to the 2023 AOC and DOH Emergency Order shift, the DOD and the Navy's ongoing compliance cannot be assumed. Wai Ola, therefore, does not agree to a stay of one year and confirms its position that six months is appropriate.

Thank you,

Kristina

On Wed, Apr 23, 2025 at 9:35 AM Kristina Hambley <kristina@sycamore.law> wrote:

> Hi Paul,
>
> Thank you for your email. Given the deposition scheduled for tomorrow and associated travel, we will respond to your email in full on Friday.

We appreciate your understanding.

Best,

Kristina

On Tue, Apr 22, 2025 at 6:16 PM Cirino, Paul (ENRD) <Paul.Cirino@usdoj.gov> wrote:

> Daniel and Kristina-
>
> Thanks to both of you for taking time to speak with Lucy Brown and me after today's deposition. The following summarizes our discussion concerning (1) Plaintiffs' challenge to the Navy's DCRIT designations with respect to 27 documents and (2) the meet-and-confer regarding Defendant's anticipated motion to extend the existing stay of the RCRA claim by one year.
>
> First, by email on April 15, 2025, we asked Plaintiffs whether they would be open to identifying a range of relevant pages for the DCRIT challenges to help expedite review of the documents. We also asked the purpose for which Plaintiffs wanted to challenge the 27 documents, which total more than 6,800 pages.
>
> As Plaintiffs had not responded, we raised the issue today, stating that it was a good idea for the parties to cooperate on publicly fileable versions of these highly confidential documents. You stated that the reasons for asserting challenges to the Navy's DCRIT designations were to use them on a trial exhibit list and "to make the documents public." We responded that it would not be appropriate to require the Navy to review DCRIT designations that are unrelated to the live claims in this case for the purpose of releasing them publicly. You disagreed and declined to modify or limit the DCRIT challenge in any regard. We advised you that we would confer with our clients about your position and get back with you.
>
> Second, we met and conferred regarding our motion to extend the stay of the RCRA claim by one year. You responded that Plaintiffs would stipulate to a six-month stay on the basis that the active Clean Water Act claim would be adjudicated by then, given the October 2024 trial date, and that the parties would have the resources to litigate the RCRA claims that are currently stayed in January 2026.

We disagreed that the length of the stay should be driven by the current timing of the active CWA litigation.  Instead, we advised you that the relevant Department of Defense agencies remain in compliance with the Hawaii Department of Health Superseding Emergency Order and the United States Environmental Protection Agency's 2023 Consent Order.  Because the stay was initially granted based on Defendants' compliance with these orders, and the agencies have continued to comply with these orders for the past year (as documented by the quarterly status reports filed with the Court), it is appropriate to extend the stay by an initial year.  Notably, you did not state that the Navy or any other DOD component was not in compliance with those orders, nor did you explain why a one-year extension of the stay is not warranted under the circumstances.

As we intend to proceed based on your representations at today's meeting, please advise us immediately if we have misstated Plaintiffs' position.

Paul

Paul Cirino

Senior Trial Counsel

Environmental Defense Section

U.S. Department of Justice

(202) 514-3468

--

--
SYCAMORE LAW
Daniel Cooper
1004 O'Reilly Ave
San Francisco CA 94129
415 360-2962