# EXHIBIT 6



**U.S. Department of Justice**

Environment and Natural Resources Division

90-5-1-4-22207
_____

*Environmental Defense Section*                                    *Telephone (202) 514-2219*
*P.O. Box 7611*                                                    *Facsimile (202) 514-8865*
*Washington, DC  20044*

May 2, 2025

**VIA ELECTRONIC MAIL**

Daniel Cooper
Sycamore Law
1004B O'Reilly Street
San Francisco, California 94129
daniel@sycamore.law

      Re: *Wai Ola Alliance et al. v. Dep't of Defense*, No. 1:22-cv-00272-LEK-RT (D. Haw.)

Dear Counsel:

      We write concerning Plaintiffs' challenge, pursuant to Paragraph 12 of the Protective Order, ECF No. 81, to Defendants' designations of Defense Critical Infrastructure Security Information ("DCRIT") with respect to 27 documents. Your email of April 9, 2025, threatens a motion if Defendants do not "consider the documents listed and [] narrow and/or provide the basis for the designations" by May 12, 2025.

      Plaintiffs raised this issue after the close of business Washington, D.C., time on Friday, April 11, 2025. On April 15, 2025, we asked via email whether Plaintiffs would be open to identifying a range of relevant pages for the DCRIT challenges to help expedite review of the documents, which encompass nearly 7,000 pages and tens of thousands of designations. We noted that we were not prepared to schedule a meet and confer yet because our agency counsel was out with a family emergency. Plaintiffs did not respond to the email.

      Having received no response to these questions, on April 22, 2025, we raised the issue with you in person. We recommended the parties cooperate on publicly fileable versions of these highly confidential documents. You stated, however, that Plaintiffs' purposes for asserting challenges to the Navy's DCRIT designations were twofold: (1) to use the documents at trial and (2) "to make the documents public." We responded that it would not be appropriate to require the Navy to review DCRIT designations that are unrelated to the live claims in this case for the purpose of releasing them publicly. You disagreed and declined to modify or limit the DCRIT challenge in any regard. We advised you that we had been unable to confer with our principal Navy contact, who had a family emergency, and that we would confer with the Navy and get back with you.

      Since then, Plaintiffs advised us that Plaintiffs view the discussion on April 22, 2025, as constituting the "meet and confer" within the meaning of Paragraph 12(c) of the Protective

Order.  Plaintiffs also refused to narrow the scope of their challenges and made clear that Plaintiffs will rigorously insist on the Protective Order's requirement that the Navy address all the challenged DCRIT designations within 14 business days, or by May 12, 2025.

Despite the patent unreasonableness of Plaintiffs' position, we have conferred with the Navy this week and are prepared to meet and confer with Plaintiffs in a good faith effort to resolve the matter.  The Navy proposes that we proceed according to the following process and schedule, which will allow for the prompt review of DCRIT designations while ensuring that such review is done efficiently and consistently across all documents and that the resources dedicated by the Navy will be focused on the active claims in this case.

1. The Navy will review the designations in the following documents within 21 days after the parties agree on a process and schedule to address Plaintiffs' challenges (or such a process and schedule is ordered by the Court): Nos. 3, 4, 5, 11, 16, 17, 23, and 27.  The Navy's response will be considered the Designating Party's response under Paragraph 12(c) of the Protective Order.

2. With respect to the remaining documents, Plaintiffs will identify the pages that relate to their active claim and submit the narrowed documents to the Navy.  The Navy will review the narrowed documents on a rolling basis and will provide Plaintiffs with a good faith estimate as to when it will provide a response under Paragraph 12(c).  The timing of that response will depend on the number of pages and DCRIT designations to be reviewed in each document and the available resources to complete the review.

3. If either party files a motion under Paragraph 12(e), the Navy may await the Court's ruling before reviewing additional documents.  This will avoid iterative reviews and ensure that the Navy's final designations are consistent with the Court's instructions.

We understand that this proposal reflects a departure from the Protective Order.  However, Defendants did not contemplate that Plaintiffs would insist that the Navy review tens of thousands of designations by mid-May, particularly since the trial exhibit list is not due until September 8, 2025, ECF No. 144 at 4 ¶ 14, and you have identified no reason (much less a time-sensitive reason) why the documents should be made public.  It remains the Navy's position that any challenge by Plaintiffs to DCRIT designations under the Protective Order for the sole purpose of making documents available to the public is irrelevant to this litigation.  As we did regarding the three exhibits with DCRIT designations that Plaintiffs submitted in connection with their partial summary judgment motion, we have offered to cooperate with you so that both parties have versions of relevant exhibits that are publicly fileable.  Remember that the potential disclosure of national security information is at stake; it is critical that the Navy have sufficient time to complete its review.

Given the timing and the amount review that is required, we are surprised by Plaintiffs' insistence on strict adherence to the timeline in the Protective Order, and we are hoping that that issue can be resolved without Court intervention.  The prudent way forward here is for the parties to work collaboratively to address Plaintiffs' needs while also allowing the Navy sufficient time to complete a review that will ensure that national security information is appropriately addressed.

We are happy to meet and confer with Plaintiffs regarding these issues over the next several days.

Sincerely,

*Paul Cirino*

Paul Cirino

cc:   Kristina Hambley
      Jesse Swanhuyser
      William Harrison
      Philip Gregory
      Jason Flanders