# EXHIBIT 8



**U.S. Department of Justice**

Environment and Natural Resources Division

90-5-1-4-22207

*Environmental Defense Section*  *Telephone (202) 514-2219*
*P.O. Box 7611*  *Facsimile (202) 514-8865*
*Washington, DC 20044*

May 19, 2025

**VIA ELECTRONIC MAIL**

Kristina Hambley
Sycamore Law
1004B O'Reilly Street
San Francisco, California 94129
kristina@sycamore.law

Re: *Wai Ola Alliance et al. v. Dep't of Defense*, No. 1:22-cv-00272-LEK-RT (D. Haw.)

Dear Counsel:

We respond to your letter of May 13, 2025, in which Plaintiffs assert that they "intend to challenge" the Navy's "confidentiality designations" regarding 160 additional documents, totaling approximately 11,800 pages. For the following reasons, we remain interested in working with Plaintiffs on an appropriate process and schedule for such review. Working cooperatively will be more efficient than impracticable demands and inefficient letter-writing and motion practice.

Under the Protective Order in this case, the parties "shall participate in a meet and confer as soon as practicable, and in no event later than ten (10) calendar days after receiving written notice from the Challenging Party." Protective Order ¶ 12(b). The order goes on to require that the Designating Party (here, Defendants) have "*an opportunity to review* the designated material and reconsider the designation and, if no change is offered, to explain the basis for the designation."

Obviously, it is unreasonable to expect that Defendants (or anyone else) can adequately review 11,800 pages within ten calendar days. This is particularly true here, given that Plaintiffs last month sent initial challenges to the Navy's designations of Defense Critical Infrastructure Security Information ("DCRIT") involving 27 documents and nearly 7,000 pages. We have previously advised you that our principal Navy contact responsible for review of the DCRIT has a family emergency with reduced work availability. Plaintiffs' unforgiving demand for a 10-day review of nearly 19,000 pages is impracticable and, quite frankly, abusive.

To make matters worse, your blunderbuss challenges are not directed to specific information that Plaintiffs believe should not be designated as DCRIT for use at trial. Instead, Plaintiffs assert generalized challenges encompassing every page of every document, without any meaningful effort to tailor challenges to each particular exhibit. Such specificity would significantly expedite the Navy's review.

Defendants remind Plaintiffs of our May 2, 2025, proposal and strongly suggest that Plaintiffs give it due reconsideration so that the parties and the Court can avoid unnecessary expenditure of time and resources on this issue. That proposal suggested the following:

1. The Navy will review the designations in the following documents within 21 days after the parties agree on a process and schedule to address Plaintiffs' challenges (or such a process and schedule is ordered by the Court): Nos. 3, 4, 5, 11, 16, 17, 23, and 27. The Navy's response will be considered the Designating Party's response under Paragraph 12(c) of the Protective Order.

2. With respect to the remaining documents, Plaintiffs will identify the pages that relate to their active claim and submit the narrowed documents to the Navy. The Navy will review the narrowed documents on a rolling basis and will provide Plaintiffs with a good faith estimate as to when it will provide a response under Paragraph 12(c). The timing of that response will depend on the number of pages and DCRIT designations to be reviewed in each document and the available resources to complete the review.

3. If either party files a motion under Paragraph 12(e), the Navy may await the Court's ruling before reviewing additional documents. This will avoid iterative reviews and ensure that the Navy's final designations are consistent with the Court's instructions

On May 6, 2025, you rejected this compromise, refused to negotiate a mutually agreeable schedule, and advised that Plaintiffs intend to file a motion "within 14 business days of May 12."[1] Our proposal remains open, and we encourage Plaintiffs to accept it forthwith.

Additional aspects of your May 13 letter warrant a response. *First*, in contrast to Plaintiffs' initial challenges, you state that the second set should be resolved "promptly in light of upcoming *motion practice* and trial." It is unclear to what "motion practice" you refer. If Plaintiffs wanted publicly fileable versions of certain exhibits to support their dispositive motions, they should have conferred with the Navy much sooner. Indeed, Defendants completed their document production by mid-December 2024. It is unreasonable for Plaintiffs to have waited five months—until dispositive motions are in progress—only to demand that the Navy rush to review an unmanageable number of records in an impossibly short period of time. Why did Plaintiffs wait so long to raise this issue? And do Plaintiffs truly intend to file 19,000 pages of exhibits with their motions?

*Second*, under the Amended Rule 16 Scheduling Order, the trial exhibit list in this case is due on September 8, 2025. ECF No. 144 at 4 ¶ 14. Accordingly, there is sufficient time to accomplish the necessary narrowing and review in accordance with Defendants' proposed schedule. Given the relatively discrete scope of the active Clean Water Act claim, it is inconceivable that 19,000 pages of exhibits could possibly be used at trial. Plaintiffs should come back to the Navy when they have identified their actual trial exhibits (that is, any records

---

[1] Plaintiffs mistakenly state that the parties met and conferred regarding the first set of challenges on April 22, 2025. That meeting did not constitute a "meet and confer" within the context of Paragraph 12(b) because the Navy did not have sufficient opportunity to consider whether its initial designations were appropriate. To date, the parties have not met and conferred regarding the initial set of challenges, and so the 14-day period under which the Designating Party must respond to the challenges has not yet started. In our letter of May 2, 2025, we invited Plaintiffs to meet and confer regarding our proposed compromise, but Plaintiffs did not respond.

that Plaintiffs believe establish ongoing Clean Water Act violations based on discharges of fuel from the Joint Base's fuel distribution infrastructure). There is plenty of time to work through the trial exhibit process if we begin cooperating now.

*Third*, Plaintiffs fail to acknowledge that Defendants produced many (or perhaps most) of the challenged documents under Paragraph 3(f) of the Protective Order to facilitate the prompt production of documents to Plaintiffs as part of fact discovery. Paragraph 3(f) allows the Navy to produce discovery materials without having first accomplished an "complete page-by-page review for information that may be entitled to protection under Rule 26(c)." If Plaintiffs wish to challenge such documents, the Navy is first entitled to complete its initial review and designations; Plaintiffs could challenge those designations under Paragraph 12. It is inappropriate for Plaintiffs to file a motion to challenge Paragraph 3(f) materials before the Navy has even undertaken a page-by-page review.

*Fourth*, we are concerned that Plaintiffs' failure to consider a reasonable narrowing and review schedule will result in unnecessary expenditure of resources, including wasteful motion practice, as well as delays to the litigation schedule. Indeed, during our May 12, 2025, meet-and-confer-regarding Defendants' Motion for Summary Judgment, your colleague indicated that Plaintiffs would move for a stay of the briefing if Defendants did not complete the DCRIT review by the time Plaintiffs' opposition were due. There is no need to delay the litigation schedule if Plaintiffs are willing to work with us, as outlined above.

*Finally*, If the parties have a true disagreement regarding the scope of the Navy's DCRIT response, we can and should discuss that as soon as possible. Because Plaintiffs did not object to the Navy's redactions in connection with Plaintiffs' Motion for Partial Summary Judgment, we understood that Plaintiffs had no issue with the Navy's position. If that remains true, the parties simply need to agree on a procedure and timetable to prepare public versions of the litigation exhibits that are expected to be publicly filed or used at trial. As we told you on April 22, 2025, Defendants share that goal and are interested in cooperating with Plaintiffs.

Thank you for considering our position. If there is anything further that we can do to avoid unnecessary motion practice, please let us know.

Sincerely,

/s/ *Paul Cirino*

Paul Cirino

cc: Daniel Cooper
Harrison Beck
Philip Gregory
Jason Flanders