| | |
|---|---|
| ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General | KENNETH M. SORENSON<br>Acting U.S. Attorney<br>District of Hawaii |
| BRYAN J. HARRISON (FL #106379)<br>DAVID D. MITCHELL (IL #6302250)<br>ALEX J. HARDEE (NC #56321)<br>ALEXANDER M. PURPURO (FL #1025872)<br>U.S. Department of Justice<br>Environmental & Natural Resources Div.<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Tel: (202) 353-5230 (Purpuro)<br>alexander.purpuro@usdoj.gov | DANA A. BARBATA (HI #9112)<br>Assistant U.S. Attorney<br>Room 6-100, PJKK Fed. Bldg.<br>300 Ala Moana Blvd.<br>Honolulu, HI 96850<br>Tel: (808) 541-2850<br>dana.barbata@usdoj.gov |

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| WAI OLA ALLIANCE, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF DEFENSE, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-272-LEK-RT<br><br>**DEFENDANTS' MEMORANDUM REGARDING TRIAL ISSUES**<br><br><u>District Judge</u>: Leslie E. Kobayashi<br><u>Magistrate Judge</u>: Rom A. Trader<br><br><u>Status Conference</u>: September 3, 2025 at 1:30 pm |

## I.    INTRODUCTION

This is a citizen suit brought by Wai Ola Alliance and others ("Plaintiffs") against the United States Department of the Navy and other federal agencies ("Defendants") alleging that Defendants are violating the Clean Water Act ("CWA") by discharging petroleum products to navigable waters from petroleum-carrying infrastructure at Joint Base Pearl Harbor-Hickam (the "Joint Base"). Plaintiffs have also alleged violations of the Resource Conservation Recovery Act ("RCRA") relating to the Red Hill Underground Storage Facility. Plaintiffs' RCRA claims are presently stayed, and the parties stipulated that the Red Hill Underground Storage Facility is not a part of Plaintiffs' claim under the CWA.

The CWA claim is limited to part of the Navy's fueling infrastructure at the Joint Base (the "Facility"). The Facility consists of aboveground storage tanks, aboveground and underground pipelines which transfer fuel from a commercial fuel receipt line to the storage tanks and then to some of the fueling points on the base, the fuel oil reclamation facility, and the pipelines along the historic fuel piers—Hotel, Kilo, Sierra, Mike, and Bravo Piers.

## II.    ISSUES TO BE DETERMINED AT TRIAL

In the event the Court denies Defendants' pending motion for summary judgment, the Court must determine whether Defendants are liable for ongoing

violations of the CWA deriving from the Facility and, if so, whether there is an appropriate remedy that Court can impose to address such violations.

With respect to liability, the Court will determine whether Plaintiffs have met their burden to prove that Defendants "(1) discharged, i.e., added (2) a pollutant (3) to navigable waters (4) from (5) a point source." *Comm. To Save Mokelumne River v. E. Bay Mun. Util. Dist.*, 13 F.3d 305, 308 (9th Cir. 1993). In addition, because this is a citizen suit, Plaintiffs also bear the burden of proving that any violation is "'either [a] continuous or intermittent violation' so that 'a reasonable likelihood [exists] that [Defendants] will continue to pollute in the future.'" *See Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC*, 115 F.4th 1217, 1221 (9th Cir. 2024) (some alterations in original) (quotation omitted).

The issue of liability for trial is focused: Plaintiffs must prove that there is an ongoing discharge of pollutants from the Facility to navigable waters, or a reasonable likelihood that a past discharge will recur. It is not enough for Plaintiffs to prove that a release of petroleum has occurred or may occur *somewhere* at the Facility. To establish a CWA violation, they must also prove that the release will be from a point source and that it will result in an unauthorized discharge of a pollutant to a water of the United States. *See* 33 U.S.C. §§ 1311(a), 1362(12). For example, if Plaintiffs can prove a discharge to groundwater (which is not a water of the United States), then they must further prove that such discharge is the

functional equivalent of a direct discharge to a water of the United States, which is a fact-intensive, scientific, and technical inquiry.  *See Cnty. of Maui v. Haw. Wildlife Fund*, 590 U.S. 165, 183 (2020).  And if Plaintiffs simply prove a release of petroleum from some component of the Facility which never reached navigable waters, that does not establish CWA liability.

In addition, *if* the Court finds that Plaintiffs proved that Defendants violated the CWA during this case, because this is a citizen suit, the Court also must determine whether the attendant risk of harm has abated, such that it is moot.  Relatedly, the Court must determine an appropriate remedy, including no appropriate remedy, if past violations have been abated.

## III. PRELIMINARY ISSUES THAT THE COURT MAY BE ABLE TO DECIDE PRIOR TO TRIAL.

In the event that there is a trial, there are two preliminary issues the Court can address before trial to streamline the issues to be resolved.

*First*, the Court should limit the Plaintiffs' presentation of evidence to that which is related to the Facility.  The Parties have consistently defined the Facility subject to Plaintiffs' CWA claim as the Navy's fuel distribution system that extends from the underground pumphouse to Hotel, Kilo, Mike, Bravo, and Sierra Piers, including the upper tank farm.  *See, e.g.*, Dkt. No. 133 at 2-3 & n.1 (identifying portions of the Third Amended Complaint that do and do not pertain to the CWA claim); Dkt. No. 182-1 at 7; Dkt. No. 183-24 at 5.  The Facility has also been the

sole focus of fact and expert discovery. Yet Plaintiffs recently—beginning with their failed attempt to amend their pleadings after the close of discovery and the filing of summary judgment briefs—attempted to expand their claims beyond the pleaded scope. *See* Dkt. No. 222 at 12-15.

Anything beyond the Facility is beyond the scope of the trial. And only the specifically alleged violations at the Facility set forth in Paragraphs 2a; 3a; 5; 7; 9; 13; 18-19; 64-77; 89-97; 140-142; 165-168; 186-289; 318-331; and 433-442 of the Third Amended Complaint are at issue for trial. *See* Dkt. No. 133 at 3. The Court already denied Plaintiffs' leave to amend to include new allegations, Dkt. No. 216, and Plaintiffs should not be permitted now to circumvent that decision. Limiting the scope to the allegations in Third Amended Complaint will streamline the trial because there will not be cause to object to evidence as outside the pleaded claims.

*Second*, Defendants request that this Court allow them to submit their declarations in lieu of direct examination ten days after Plaintiffs file theirs, modifying the current simultaneous submission procedure. Plaintiffs bear the burden of proof, and Defendant's evidence and case are necessarily dependent on issues and evidence Plaintiffs advance. That would be the normal course with live testimony. Because Plaintiffs' theories of the case have and continue to evolve—even throughout the summary judgment briefing—it is not clear what Plaintiffs' witnesses will testify about. Staggered written direct testimony will allow

Defendants to tailor their written direct testimony according to Plaintiffs' declarations. Staggering will streamline trial, increase judicial efficiency, reduce the potential for surprise, eliminate presentation of unnecessary or duplicative testimony, and minimize objections. *See* Fed. R. Civ. P. 1. Defendants will ask to confer with Plaintiffs on both issues before the status conference.

### IV.  PARTICULAR EVIDENTIARY OR OTHER ISSUES THAT ARE ANTICIPATED TO ARISE DURING TRIAL.

Defendants have designated certain documents as confidential pursuant to the protective order and are working to redact documents they intend to use at trial. Defendants will work with Plaintiffs regarding the handling of such materials during trial. The parties agreed last month that Plaintiffs would identify any portions of confidential documents they intend to present at trial so that Defendants could then identify which portions of those documents to redact. Despite the agreement, Plaintiffs have not identified such documents to date.

Last night, Plaintiffs proposed to Defendants to extend certain pretrial deadlines and continuing the trial to allow Plaintiffs to identify exhibits and to facilitate Defendants' review of those exhibits. As Defendants explained on a meet-and-confer today: while Defendants are prepared to meet the current pretrial and trial deadlines, they are considering Plaintiffs' proposal and will confer further with Plaintiffs before the status conference.

| | |
|---|---|
| Dated:  August 27, 2025 | Respectfully submitted, |

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

/s/ Alexander M. Purpuro
ALEXANDER M. PURPURO
ALEX J. HARDEE
BRYAN HARRISON
DAVID MITCHELL
Environmental Defense Section

KENNETH M. SORENSON
Acting U.S. Attorney
District of Hawaii

DANA A. BARBATA
Assistant U.S. Attorney

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 27, 2025, and by the methods of service noted below, a true and correct copy of the foregoing Defendants' Motion for Summary Judgment and the accompanying Memorandum of Law in Support of Defendants' Motion for Summary Judgment was served on the following at their last known addresses:

**Served Electronically through CM/ECF:**

    Daniel Gordon Cooper, daniel@sycamore.law

    Jesse Colorado Swanhuyser, jesse@sycamore.law

    Philip L. Gregory, pgregory@gregorylawgroup.com

    William A. Harrison, william@harrisonlawcenter.com

    Jason R. Flanders, jrf@atalawgroup.com

    *Attorneys for Plaintiffs*

                                                /s/ Alexander M. Purpuro
                                                ALEXANDER M. PURPURO