William A. Harrison (HI Bar No. 2948)
HARRISON LAW CENTER
william@harrisonlawcenter.com
1001 Bishop Street
Honolulu, Hawai`i 96813
Tel: (808) 523-7041

Daniel Cooper (*pro hac vice*)
daniel@sycamore.law
Jesse C. Swanhuyser (*pro hac vice*)
jesse@sycamore.law
SYCAMORE LAW, INC.
1004 O'Reilly Avenue, Ste. 100
San Francisco, California 94129
Tel: (415) 360-2962

(*Additional counsel listed on next page*)

Attorneys for Plaintiffs
WAI OLA ALLIANCE *et al.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| WAI OLA ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES DEPARTMENT OF THE NAVY, *et al.*, <br><br> Defendants. | Civil Case No. 1:22-cv-00272-LEK-RT <br><br> **PLAINTIFFS' STATUS CONFERENCE MEMORANDUM** <br><br> <u>District Judge</u>: Leslie E. Kobayashi <br> <u>Magistrate Judge</u>: Rom A. Trader <br><br> Status Conference: September 3, 2025 <br> Time: 1:30 pm HST |

Philip Gregory (*pro hac vice*)
pgregory@gregorylawgroup.com
GREGORY LAW GROUP
1250 Godetia Drive
Redwood City, California 94062
Tel: (650) 278-2957

Jason Flanders (*pro hac vice*)
jrf@atalawgroup.com
James T. Brett (*pro hac vice*)
jtb@atalawgroup.com
AQUA TERRA AERIS LAW GROUP
4030 Martin Luther King Jr. Way
Oakland, California 94609
Tel: (916) 202-3018

Consistent with this Court's order setting status conference (ECF No. 224), Plaintiff Wai Ola Alliance submits this Status Conference Memorandum.

## I. ISSUES TO BE DETERMINED AT TRIAL

### A. The Navy's Liability for Hotel and Kilo Pier Discharges in 2020 and 2021

The Navy does not dispute that it discharged petroleum from its fueling infrastructure, including Hotel and Kilo piers, beginning on March 17, 2020. ECF No. 222 at PageID. 4391; 6117, n. 5; *Id*. at PageID. 4394.  The Court confirmed that "it is undisputed that the Navy self-reported the Hotel Pier release in 2020 and the Kilo Pier releases in July 2021." ECF. No. 219 at PageID. 6072.  The dispute remaining for trial is whether the discharges from Hotel and Kilo Piers were ongoing at the time the complaint was filed, or were reasonably likely to recur.

### B. The Navy's Liability for Additional Self-Reported Discharges

The Navy's self-reported spill records, as produced in discovery and reported to the Hawaii Department of Health ("DOH"), confirm additional discharges of pollutants from Navy fueling infrastructure as a result of operational and equipment failures during the statutory period at issue. ECF No. 226-7 ("Spill Spreadsheet"). The Parties dispute whether these discharges were properly alleged by Plaintiffs, and whether the discharges fall within the scope of this case. ECF No. 222 at PageID. 6123.

### C. Remedy

Wai Ola seeks injunctive relief well within this Court's authority to issue and enforce. ECF No. 89 at 57. The Clean Water Act ("CWA") authorizes federal courts to issue injunctive relief. 33 U.S.C. § 1365(a), (d). Operations, maintenance, inspection, and repair failures ensure that spills akin to those that occurred in 2020 and 2021 will continue and the harm resulting from those failures therefore persists. ECF No. 178 at ¶¶ 33-39; *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy,* 305 F.3d 943, 953 (9th Cir. 2002). This Court can and should order engineering best practice operations, testing, maintenance, tracking, and accountability for the vast petroleum infrastructure at the Facility. Doing so will, at a minimum partially, remedy the harms Wai Ola and their members have alleged in their declarations. *Nat. Res. Def. Council v. Southwest Marine*, 236 F.3d 985, 995 (9th Cir. 2000).

## II.   ISSUES THAT THIS COURT CAN DECIDE PRIOR TO TRIAL

### A. Standing

The Court determined that Wai Ola has standing to bring this action. ECF. No. 219 at PageID.6064. A determination that, as a result, Wai Ola has standing for purposes of trial will eliminate testimony from standing witnesses and streamline trial.

## B. Pearl Harbor and Hālawa Stream are WOTUS

The Parties do not dispute that both Pearl Harbor and Hālawa Stream are Waters of the U.S. ("WOTUS") and thus protected under the CWA. A determination as to the receiving waters for trial will streamline trial.

## III. EVIDENTIARY ISSUES

### A. DCRIT or Otherwise Designated Evidence

This Court issued a Protective Order, seeking to facilitate document production while ensuring the Navy's National Security interests are protected. The Protective Order set out an accelerated process for Navy designation of documents as DCRIT, for challenges of those designations, and for Navy response to those challenges. ECF No. 81, pp13-18. Denying Wai Ola's motion to compel compliance with the Protective Order in July 2025, the Court directed the parties to collaborate in the review of security designations and redactions. ECF No. 214, p.14. This Court has also provided direction as to how documents designated DCRIT or otherwise protected are to be filed under seal, and/or filed publicly with redactions, as appropriate. *See* ECF No. 175. DCRIT designations impact documents (primarily Navy operations, maintenance, testing, and inspection documents), deposition transcripts, and expert and other witness testimony at trial.

On __ August 2025 the Navy responded to Wai Ola's second request for review of DCRIT designated documents, seeking the basis for the designation, or

reconsideration where appropriate. The Navy de-designated 5 of the 165 Navy documents listed, and provided the basis for 155 additional documents. To streamline the Navy security review process, Wai Ola will provide the Navy with the Chapters, exhibits, or other portions of the Navy documents Wai Ola intends to rely on at trial on a rolling basis, starting 29 August 2025.

      The parties met and conferred on 27 August 2025. During that met and confer session, the Navy agreed: 1) to review expert reports and deposition transcripts for DCRIT over the coming weeks; 2) to review Wai Ola's rolling focused requests for DCRIT review, also within weeks of receipt; and 3) to propose topic areas implicating DCRIT for closed courtroom testimony.

      Given the volume of material, the timing of the Navy's DCRIT review to date, and the process for filing materials under seal, Wai Ola believes that completing the Navy's security review and submitting exhibits with the appropriate designation and/or protections by 29 September 2025 as ordered by the Court represents a significant challenge in this action. An even greater challenge is posed by the September 8, 2025 deadline for motions in limine, as Wai Ola intends to rely on Navy expert deposition transcripts that are currently designated as DCRIT.

      As a result, Wai Ola requests the Court discuss with the Parties a realistic schedule for submitting motions in limine and exhibits with the appropriate

designation and/or protections. The resulting schedule will impact the current trial date. Wai Ola is meeting and conferring with the Navy on a revised schedule.

### B. Admissibility of the Navy's Spill Spreadsheet

The Parties dispute whether self-reported discharges identified in the Navy's Spill Spreadsheet have been properly alleged by Wai Ola, and therefore whether that Spill Spreadsheet is admissible. ECF No. 222 at PageID. 6123.

### C. Admissibility of DOH Spill Reporting

The Navy has and continues to report discharges from Lower Red Hill infrastructure to DOH.  As with the Navy's Spill Spreadsheet, Wai Ola anticipates a dispute as to the admissibility at trial of the Navy's reporting to DOH.


Dated: August 27, 2025

Respectfully submitted,

/s/ Daniel Cooper
Daniel Cooper
Counsel for Wai Ola Alliance

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 27, 2025, and by the methods of service noted below, a true and correct copy of the foregoing:

PLAINTIFFS' STATUS CONFERENCE MEMORANDUM

was served Electronically through CM/ECF on the following at their last known addresses:

BRYAN HARRISON: BRYAN.HARRISON@USDOJ.GOV

DAVID D. MITCHELL: DAVID.MITCHELL@USDOJ.GOV

DANA A. BARBATA: DANA.BARBATA@USDOJ.GOV

LESLIE MARIE HILL: LESLIE.HILL@USDOJ.GOV

ALEXANDER M. PURPURO: ALEXANDER.PURPURO@USDOJ.GOV

ALEXANDER HARDEE: ALEX.HARDEE@USDOJ.GOV

Dated: August 27, 2025                    By: */s/Daniel Cooper*
                                               Daniel Coooper