ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

BRYAN J. HARRISON (FL #106379)
DAVID D. MITCHELL (IL #6302250)
ALEX J. HARDEE (NC #56321)
ALEXANDER M. PURPURO (FL #1025872)
U.S. Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 353-5230 (Purpuro)
alexander.purpuro@usdoj.gov

KENNETH M. SORENSON
Acting U.S. Attorney
District of Hawaii

DANA A. BARBATA #9112
Assistant U.S. Attorney
Room 6-100, PJKK Fed. Bldg.
300 Ala Moana Blvd.
Honolulu, HI 96850
Tel: (808) 541-2850
dana.barbata@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAI OLA ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF DEFENSE, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-272-LEK-RT<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND STAY OF CLAIMS, DKT. NO. 180**<br><br><u>District Judge</u>: Leslie E. Kobayashi<br><u>Magistrate Judge</u>: Rom Trader |

This supplemental memorandum addresses the Court's Order for further briefing on Defendants' motion to continue the stay of the Plaintiffs' Resource Conservation and Recovery Act ("RCRA") claim, Dkt. No. 237.

In their RCRA claim, Plaintiffs allege harm from the release of petroleum from Red Hill, including alleged contamination of the aquifer. Dkt. No. 130 ¶¶ 6, 14, 39, 114-127, 150-51, 172, 185, 421. But the Navy is already conducting a closure site assessment and release response at the Red Hill Bulk Fuel Storage Facility ("Red Hill") under the direction of state and federal regulators in compliance with the State of Hawaii Department of Health's ("DOH") May 6, 2022, Superseding Emergency Order, Dkt. No. 91-3 (the "DOH Emergency Order") and the U.S. Environmental Protection Agency's ("EPA") 2023 Administrative Consent Order, Dkt. No. 65-1 ("Consent Order").

As the Navy has explained in detail in its status reports to the Court, the bulk of the fuel stored at Red Hill has been removed through gravity defueling, and residual fuel has been mostly removed with only small amounts remaining. *See, e.g.*, Dkt. Nos. 136, 150, 156, 176, 215. As demonstrated in Defendants' briefing, *see* Dkt. No. 180-1, 210, Plaintiffs' RCRA claim should remain stayed because DOH and EPA have already ordered the relief Plaintiffs seek—the investigation and any necessary remediation of the Red Hill releases. This work is underway and the Navy is diligently complying with those Orders.

The Navy addresses two concerns that the Court raised during the July 11 Hearing regarding the continuing of the stay: (1) the timing of the Navy's site assessment and release response and (2) the public availability of information regarding that work.

*First*, as to timing, the Navy is responding to fuel releases from Red Hill pursuant to the terms of the Orders, which require the Navy to conduct a closure site assessment and release response, as necessary, under Hawaii's underground storage tank regulations.[1]  DOH Emergency Order at 8; 2023 Consent Order at 5-6, 13.  For remediation, the Navy is conducting a site assessment for contamination in the environment.  This a two-phased assessment: the first focuses on areas that are "onsite" at Red Hill where contamination is most likely, and the second on "offsite" areas—i.e., areas at parts of the Joint Base fuel system not encompassed by the first assessment, including previously closed or abandoned components. Draft Final Tank Closure Plan, Supplement 3: Phase 1 Closure Site Assessment at 3-4 (July 2025).

Phase 1 is underway and involves groundwater monitoring under a sampling and analysis plan approved by DOH and EPA.  *See id.* at 3.  Under this plan, the

---

[1] Those regulations provide a staged approach to assessment and release response. Closing an underground storage tanks system requires an assessment of the surrounding environment for releases.  *See* HAR § 11-280.1-72, 73.  If contamination is found, notably in soils or groundwater, the agency must conduct releases response under Hawaii Administrative Rules § 11-280.1, Chapter 6.

Navy is testing soil and shallow groundwater at 926 points throughout Red Hill, which involves drilling boreholes to various depths in the Red Hill tunnels. *Id.* at 4. This sampling program is designed to determine whether petroleum releases from the fuel system are present in the environment. *Id.*

If the Phase 1 investigation indicates that there is fuel contamination in the groundwater, the Navy will take further action in accordance with Hawaii Administrative Rules ("HAR") § 11-280.1, Chapter 6. *Id.* at 3. That process involves determining the nature and scope of contamination, including the types of contaminants at issue, their concentrations in groundwater, and any geographic spread. *See* HAR § 11-280.1-65. This investigation provides data and information to inform decision making on any appropriate measures to address contamination, referred to as "corrective action." *See id* § 11-280.1-65.3, 66.

Put directly, the site assessment and appropriate response actions will take time and require highly technical supervision and oversight. The Red Hill closure and release response process is proceeding apace under DOH's and EPA's careful and thorough supervision under the Emergency Order and Consent Order. Crucial to the issue of a stay, DOH and EPA will review the Navy's investigation; and the HAR obligates the Navy to consult with DOH on the necessity and selection of any remedial measures. *See id.* § 11-280.1-65.3(b)(2).

Moreover, the site assessment is in addition to the other tasks the Navy has and is undertaking with respect to closure and long-term remediation of the environment. This includes the assessment of drinking water (link to the Navy's drinking water monitoring dashboard reflecting drinking water sampling results) and groundwater (link to the Navy's groundwater monitoring dashboard which reflects up-to-date groundwater results from monitoring locations surrounding Red Hill), the evaluation and investigation of soil vapor pursuant to the Deep Soil Vapor Extraction Pilot Study, the Navy's Groundwater Model Report, and its facilitation of studies supporting an independent University of Hawaii flow model. Further, and contrary to Plaintiffs' assertion otherwise, the Navy continues to actively remediate the groundwater through the Granular Activated Carbon Filtration System. *See* DOH Red Hill Water Information (webpage discussing, among other items, the continued operation of the system pursuant to a National Pollutant Discharge Elimination System Permit). As the Navy has explained, the system creates "capture zone" which prevents the migration of any fuel and contaminants away from that zone. *See* Dkt. No. 210 at 3-4.

*Second*, as to the information regarding the Navy's closure of Red Hill, there is extensive, comprehensive, and readily available information to the public. Navy, DOH, and EPA webpages all contain voluminous information on virtually every aspect of the Navy's work. Following the July 11 hearing, the Navy identified and

provided Plaintiffs with links to this information and produced six unredacted versions of publicly available documents that Plaintiffs requested in the limited discovery that this Court ordered.[2] The publicly available information provides ample information to assess the Navy's work and progress on the site assessment, release response, and other closure activities. And that public information, along with the detailed status reports filed with this Court, will allow Plaintiffs to raise any concerns regarding the Navy's site assessment, release response, and compliance with the Orders to this Court during the pendency of a continued stay.

    In sum, there has not been a change in relevant circumstances that would warrant departing from the Court's earlier order, Dkt. No. 127. A stay pursuant to the primary jurisdiction doctrine continues to be warranted with respect to the portions of Plaintiffs' claims "that have been, or are being, addressed under either the DOH 5/6/22 Emergency Order or the EPA 2023 Consent Order." *Id.* at 24. The Court should grant the remaining portion of the motion and extend the stay in this case to June 13, 2026.

---

[2] In addition to the other public documents already cited in this Memorandum, the Navy also directed Plaintiffs to other documents and sources of information, including: a Hawaii DOH webpage containing a library of technical documents and reports generated as part of the Red Hill closure, the Final Soil Vapor Extraction Pilot Study Work Plan and its Final Shallow Soil Vapor Extraction and Air Sparging Work Plan, the Navy's Monitoring Well Installation Work Plan, a landing page pertaining to groundwater sampling programs and cataloguing years of groundwater sampling data, and the Navy's Contaminant Fate and Transport Model Technical Memorandum.

Dated:  September 10, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

<u>/s/ Alexander M. Purpuro</u>
ALEXANDER M. PURPURO
ALEX J. HARDEE
BRYAN HARRISON
DAVID MITCHELL
Environmental Defense Section

KENNETH M. SORENSON
Acting U.S. Attorney
District of Hawaii

DANA A. BARBATA
Assistant U.S. Attorney

*Attorneys for Defendants*