UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| WAI OLA ALLIANCE, A PUBLIC INTEREST ASSOCIATION, ET AL.<br><br>Plaintiffs,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT OF THE NAVY,  UNITED STATES DEPARTMENT OF DEFENSE,  JOINT TASK FORCE RED HILL,  UNITED STATES NAVY REGION HAWAII,  UNITED STATES NAVY FACILITIES ENGINEERING COMMAND - HAWAII,<br><br>Defendants. | CIV. NO. 22-00272 LEK-RT |

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE THE
TRIAL DECLARATION AND TRIAL TESTIMONY OF GUY PASCO, P.E.**

Before the Court is Plaintiffs'[1] Motion to Strike the

Trial Declaration and Trial Testimony of Guy Pasco, P.E.

("Motion"), filed on April 17, 2026. [Dkt. no. 346.] Defendants[2]

---

[1] The plaintiffs are: Wai Ola Alliance ("the Alliance"); and individual members of the Alliance, Mary Maxine Kahaulelio, Clarence Ku Ching, Melodie Aduja, Kim Coco Iwamoto, Peter Doktor, Steven Hanaloa Helelā, Kalamaokaaina Niheu, Dr. Lynette Hiilani Cruz, James J. Rodrigues, and Jade Mahina Frank (all collectively "Plaintiffs"). [Third Amended Complaint for Declaratory Relief and Injunctive Relief, filed 6/13/24 (dkt. no. 130) ("Third Amended Complaint"), at ¶¶ 38-42.j.]

[2] The defendants are Defendants United States Department of the Navy ("the Navy"), United States Department of Defense, Joint Task Force Red Hill, United States Navy Region Hawaii, and United States Navy Facilities Engineering Command – Hawaii (collectively "Defendants"). [Third Amended Complaint at ¶¶ 1, 50-63.]

filed their response to the Motion ("Response") on April 21, 2026. [Dkt. no. 347.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiffs' Motion is denied for the reasons set forth below.

## BACKGROUND

The crux of the instant case is Plaintiffs' allegation that the Navy's operation of the relevant portions of the Red Hill Bulk Fuel Storage Facility ("Red Hill") "has and will continue to present imminent and substantial endangerment to health and the environment through historic, existing, and impending contamination of the irreplaceable Southern O`ahu Basal Aquifer (the 'Aquifer')." [Third Amended Complaint at ¶ 6.] Plaintiffs allege the Navy is engaging in conduct that constitutes: "a. significant ongoing violations of the Federal Water Pollution Control Act ('Clean Water Act' [or 'CWA']) 33 U.S.C. § 1251, *et seq.*; and b. significant ongoing violations of the Resource Conservation and Recovery Act ('RCRA'), 42 U.S.C. § 6901, *et seq.*" [Id. at ¶ 2.] Plaintiffs' RCRA claim is

currently stayed. See order, filed 5/14/24 (dkt. no. 127) ("5/14/24 Order"), at 29.[3]

The crux of Plaintiffs' CWA claim is their allegation that the Navy's operation of Red Hill "has and will continue to discharge pollutants, including but not limited to petroleum-based pollutants (e.g., jet propellant-5, jet propellant-8, marine diesel), from point sources at and near the Facility to waters of the United States, including but not limited to Pearl Harbor (hereinafter 'Pu`uloa') and Hālawa Stream" without the required permits. [Third Amended Complaint at ¶ 5.] Plaintiffs' CWA claim relates to the portion of the Red Hill fuel distribution system that includes: Hotel Pier, Kilo Pier, Sierra Pier, Mike Pier, and Bravo Pier (collectively "the Piers"); six above-ground storage tanks; and the pipelines that connect them (all collectively "the Facility").

The trial on Plaintiffs' CWA claim began on March 31, 2026. See Minutes – EP: Non-Jury Trial, Day 1, filed 3/31/26 (dkt. no. 334). The parties were required to present their

---

[3] The 5/14/24 Order is also available at 734 F. Supp. 3d 1034. The 5/14/24 Order addressed the Second Amended Complaint for Declaratory Relief and Injunctive Relief, [filed 10/13/23 (dkt. no. 89),] and the stay was ordered for one year after Plaintiffs filed the third amended complaint. 734 F. Supp. 3d at 1038, 1049. Based on the June 13, 2024 filing of the Third Amended Complaint, the stay was to expire on June 13, 2025. On May 16, 2025, an entering order was issued extending the stay to December 12, 2025. [Dkt. no. 181.] On October 10, 2025, an order was issued extending the stay to June 13, 2026. [Dkt. no. 253.]

direct examination testimony by filing affidavits or declarations. See Fourth Amended Rule 16 Scheduling Order, filed 12/8/25 (dkt. no. 261), at 5 (stating the parties' deadlines for direct examination affidavits or declarations). One of Defendants' witnesses was Guy Pasco, P.E. ("Pasco"). See Defendants' Corrected Trial Declaration (Redacted) of Guy Pasco, P.E., filed 3/19/26 (dkt. no. 317).[4] Pasco gave live testimony on cross-examination, re-direct examination, and re-cross examination. See Transcript of Proceedings – Bench Trial – Day 1, held on 3/31/26 ("Day 1 Trans."), filed 4/1/26 (dkt. no. 335), at 1-151 to 1-203 (cross-examination); Transcript of Proceedings – Bench Trial – Day 2, held on 4/1/26 ("Day 2 Trans."), filed 4/2/26 (dkt. no. 337), at 8 to 30 (re-direct examinations and re-cross examination).

During discovery, Pasco was deposed as one of Defendants' Federal Rule of Civil Procedure 30(b)(6) witnesses. See Plaintiffs' Statement Designating Deposition Testimony to Be Used at Trial, filed 2/13/26 (dkt. no. 282), Exh. 2 (transcript of Deposition of Guy Pasco 30(b)(6), taken 12/10/24 ("Pasco Depo.")); see also Motion, Declaration of Erica A. Maharg in

---

[4] The declaration is an attachment to docket number 317 ("Pasco Declaration"). [Dkt. no. 317-1.] Pasco is a civilian Navy employee who is the Supervisory General Engineer of the Pearl Harbor Fuels Department, Facilities Division. [Pasco Decl. at ¶ 1.] The headquarters of the Pearl Harbor Fuels Department is located at the Joint Base Pearl Harbor-Hickam. [Id.]

Support of Plaintiffs' Motion to Strike the Trial Declaration and Trial Testimony of Guy Pasco, P.E., Exh. 1 ("Amended Notice of Deposition of the U.S. Department of the Navy's Person Most Knowledgable Ursuant [sic] to Fed. R. Civ. P. 30(b)(6) and Request for Production of Documents," dated 11/27/24) at 3-4. Fact discovery closed after the date of Pasco's deposition. See Amended Rule 16 Scheduling Order, filed 8/28/24 (dkt. no. 144), at ¶ 5a (stating the fact discovery deadline was 12/10/24). Plaintiffs state that Defendants did not provide any supplemental discovery responses after discovery closed. See Motion at 10.

In the instant Motion, Plaintiffs ask this Court to strike Pasco's trial testimony that "describ[ed] repairs, changes to procedures, and other modifications at the Facility that occurred after the close of fact discovery and/or were not disclosed to [Plaintiffs] prior to trial." [Motion at 7.] Plaintiffs specifically identify:

   -paragraphs 41 to 43 and 78 to 81 of the Pasco Declaration;[5] and

---

[5] Plaintiffs raised similar challenges to the Pasco Declaration in their written objections. See Plaintiffs' Objections to the Trial Declaration of Guy Pasco, P.E. (ECF No. 317-1) ("Pasco Decl. Objections"), filed 3/20/26 (dkt. no. 321). This Court overruled all of the parties' written objections in favor of taking up issues as they arose during the respective witnesses' live testimony. See Day 1 Trans. at 1-7. In the instant Motion, Plaintiffs renew their objections and move to strike the testimony at issue "because the trial
                                        (. . . continued)

5

> -page 1-190 line 20 through page 1-191 line 2 and
>      page 1-201 lines 13-18 of Pasco's testimony on cross-
>      examination.

[Motion at 11.] Plaintiffs argue that consideration of Pasco's testimony about post-discovery repairs and improvements at the Facility that occurred after fact-discovery closed in this case ("Post-Discovery Events") would be prejudicial to Plaintiffs because Plaintiffs did not have the opportunity to examine the details of such work, such as by having Plaintiffs' expert inspect the work, reviewing documentation for the work, or deposing Defendants' witnesses about the work. See id. at 11-13. Plaintiffs argue that Defendants had a duty to supplement their discovery responses with information about the Post-Discovery Events. See id. at 16-17.

Similarly, Plaintiffs argue that, during his deposition, Pasco gave an incomplete response that Bravo Pier and Mike Pier were taken out of service "at the 'beginning of 2022,'" and Defendants did not produce any documents regarding the date. See id. at 18 (quoting Pasco Depo. at 16:19-21, 17:8-17). Plaintiffs therefore urge this Court to strike Pasco's testimony that Bravo Pier and Mike Pier were taken out of

---

highlighted the prejudice Plaintiffs faced because of undisclosed evidence in Mr. Pasco's testimony." [Motion at 7 n.1 (emphasis omitted).]

service in January 2022. See id. at 17 (citing Pasco Decl. at

¶ 37).

## STANDARD

Federal Rule of Civil Procedure 26 governs the scope and limits of discovery. It provides:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The purpose of discovery is "to prevent surprise, prejudice and perjury during trial." Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 910 (9th Cir. 2008) (citation, internal quotation marks, and ellipses omitted). Thus, liberal discovery is allowed . . . .

Sanders v. Univ. of Idaho, Coll. of L., CASE NO. 3:19-CV-00225-BLW, 2022 WL 280875, at *1 (D. Idaho Jan. 31, 2022).

Similar to the district court in Sanders, this Court

is primarily confronted with the issue of whether a party is

required to supplement prior discovery responses after the close

of fact discovery. See Fed. R. Civ. P. 26(e)(1) ("A party who

has made a disclosure under Rule 26(a) - or who has responded to

7

an interrogatory, request for production, or request for

admission – must supplement or correct its disclosure or

response . . . .”). If Defendants were required to supplement

their discovery responses with information about Post-Discovery

Events, Defendants may be subject to sanctions.

> If a party fails to provide information or
> identify a witness as required by Rule 26(a) or
> (e), the party is not allowed to use that
> information or witness to supply evidence on a
> motion, at a hearing, or at a trial, unless the
> failure was substantially justified or is
> harmless. In addition to or instead of this
> sanction, the court, on motion and after giving
> an opportunity to be heard:
>
> > (A)  may order payment of the reasonable
> > expenses, including attorney's fees, caused
> > by the failure;
> >
> > (B)  may inform the jury of the party's
> > failure; and
> >
> > (C)  may impose other appropriate sanctions,
> > including any of the orders listed in
> > Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). “Rule 37(c)(1) gives teeth to [the

Rule 26] requirements by forbidding the use of any information

not properly disclosed. . . . This sanction is self-executing

and automatic.” Key v. Qualcomm Inc., 129 F.4th 1129, 1143 (9th

Cir. 2025) (citations and internal quotation marks omitted).

## DISCUSSION

### I.    Mike Pier and Bravo Pier

In his written direct testimony, Pasco stated: "Fuel piping beneath Mike and Bravo Piers was isolated, drained, and removed from service in January 2022. Kilo, Mike, and Bravo Piers fuel piping will remain empty, isolated, and out-of-service until all necessary repairs and replacements are complete." [Pasco Decl. at ¶ 37.] During his deposition, Pasco testified: "Mike and Bravo Dock were removed from service in the beginning of 2022." [Pasco Depo. at 16.] Plaintiffs' counsel asked Pasco whether there was documentation memorializing the decision to shut down and isolate Bravo Pier and Mike Pier, and Pasco responded that he did not know. [Id. at 16-17.] Because Pasco gave a specific month in his trial declaration, and he did not do so during his deposition, Plaintiffs argue the trial declaration testimony constitutes new information that was not previously disclosed during discovery. Plaintiffs also complain that Defendants never produced any documents reflecting when Bravo Pier and Mike Pier were taken out of service. [Motion at 17-18.]

Defendants respond that Plaintiffs waived these objections by failing to raise them until the instant Motion. [Response at 6 (citing Jerden v. Amstutz, 430 F.3d 1231, 1236-37

9

(9th Cir. 2005), *amended on denial of reh'g*, No. 04-35889, 2006

WL 60668 (9th Cir. Jan. 12, 2006)).] This Court agrees.

> A party may claim error in a ruling to admit or
> exclude evidence only if the error affects a
> substantial right of the party and:
>
> > (1)  if the ruling admits evidence, a party,
> > on the record:
> >
> > > (A)  timely objects or moves to strike;
> > > and
> > >
> > > (B)  states the specific ground, unless
> > > it was apparent from the context[.]

Fed. R. Evid. 103(a)(1).

> "An objection is 'timely' if it is made as soon
> as the opponent knows, or should know, that the
> objection is applicable." 1 Jack B. Weinstein &
> Margaret A. Berger, *Weinstein's Federal Evidence*
> § 103.11 (Joseph M. McLaughlin ed., 2d ed. 1997)
> (footnotes omitted); see also San Antonio Cmty.
> Hosp. v. So. Cal. Dist. Council of Carpenters,
> 125 F.3d 1230, 1238 (9th Cir. 1997) (concluding
> that the failure to raise a hearsay objection
> until the close of direct examination is a waiver
> of the objection); McKnight v. Johnson Controls,
> Inc., 36 F.3d 1396, 1408 (8th Cir. 1994); Belmont
> Indus. v. Bethlehem Steel Corp., 512 F.2d 434,
> 437–38 (3d Cir. 1975).
>
> . . . [W]e recognize that "trial courts have
> broad discretion in making evidence rulings and
> handling late objections." Home Indem. Co. v.
> Lane Powell Moss & Miller, 43 F.3d 1322, 1329
> (9th Cir. 1995); see also United States v.
> Achiekwelu, 112 F.3d 747, 754 (4th Cir. 1997)
> ("Even when a district court admits evidence
> without objection, the district court has the
> discretion to grant a subsequent motion made
> after the close of the evidence to exclude the
> evidence.").

Jerden, 430 F.3d at 1236-37; see also id. at 1237 ("we hold that the exclusion of testimony for lack of foundation is improper following an untimely objection if such objection unfairly deprives the proponents of the testimony of an opportunity to cure the objection").

Plaintiffs' objection that Defendants failed to produce any document supporting Pasco's testimony about when Bravo Pier and Mike Pier were taken out of service is a foundational objection. Plaintiffs knew or should have known about that objection when Defendants failed to produce the supporting document(s) within a reasonable time after Pasco's December 10, 2024 deposition. Plaintiffs did not move to compel production of the supporting document(s), and Plaintiffs did not raise this issue in the Pasco Declaration Objections. This Court finds that, by failing to assert this objection in a timely manner, Plaintiffs deprived Defendants of the opportunity to cure the objection. This Court therefore concludes that Plaintiffs waived their objection to the lack of supporting documentation for the date that Bravo Pier and Mike Pier were taken out of service.

This Court also concludes that Plaintiffs waived their objection that Pasco's declaration testimony about when Bravo Pier and Mike Pier were taken out of service was inconsistent with his deposition testimony. Plaintiffs knew or should have

known about the alleged difference in Pasco's testimony when the Pasco Declaration was filed, but they did not raise the issue in the Pasco Declaration Objections. Further, even if Plaintiffs had not waived the objection, this Court would find that the failure to disclose the specific month was harmless. Pasco's declaration testimony that Bravo Pier and Mike Pier were taken out of service in January 2022 was consistent with his deposition testimony that those two piers were taken out of service at the beginning of 2022. Plaintiffs also had the opportunity to cross-examine Pasco about the difference in his testimony.

Plaintiffs' Motion is therefore denied as to their request to strike paragraph 37 of the Pasco Declaration.

## II.  **Post-Discovery Events**

First, this Court rejects Defendants' argument that Plaintiffs waived their objection to Pasco's testimony about Post-Discovery Events by failing to renew during Pasco's live testimony during trial the objections that Plaintiffs raised in the Pasco Declaration Objections. See Response at 2. Plaintiffs renewed their objection to testimony about Post-Discovery Events when Defendants rested their case. [Transcript of Proceedings, Bench Trial – Day 3, held on 4/2/26 ("Day 3 Trans."), filed 4/2/26 (dkt. no. 338), at 3-63.] This Court stated that Plaintiffs' argument was "really a motion to strike certain

12

evidence and exhibits based on your argument that it wasn't produced in discovery." [Id. at 3-64.] This Court therefore finds that Plaintiffs timely renewed their objection to Pasco's testimony about Post-Discovery Events.

Turning to the merits of Plaintiffs' objection, this Court notes that neither Federal Rule of Civil Procedure 26(e), the advisory committee's notes for that provision, nor Ninth Circuit case law expressly addresses whether the duty to supplement discovery responses extends after fact-discovery closes. The district court in Sanders stated:

> Like the court in Our Children's Earth [v. Leland Stanford Junior University, Case No. 13-cv-00402-EDL, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015)], the Court recognizes that "in protracted and complex litigation the generation of new and responsive documents could conceivably impose unfair supplementation burdens on a responding party and its attorneys." Robbins & Myers[, Inc. v. J.M. Huber Corp.], 274 F.R.D. [63,] 77 [(W.D.N.Y. 2011)]. But the drafters of Rule 26(e) and the 1993 amendment addressed this potential burden "by imposing a requirement upon the responding party covering both knowledge of the new information, whether by subsequent discovery of its prior existence or its later creation, as well as a showing of the materiality of the subject information." Id. The satisfaction of these two criteria significantly reduces, if not eliminates "the risk that a party will be burdened or sanctioned unfairly for violation of the duty to supplement based on the advent of relevant and material information unknown to the party at the time of its initial response or because of its later creation." Id.

> For these reasons expressed above, the Court cannot agree with the blanket rule expressed by

13

the court in Our Children's Earth that the duty to supplement can never cover documents generated after the close of discovery. The dangers presented by a "rolling production" requirement may and should be addressed on a case-by-case basis. On the other hand, to create a blanket rule that the duty to supplement ends with the discovery cutoff date "would effectively defeat the long-standing salutary purpose of Rule 26(e) as established when first enacted in 1970 and as consistently understood and intended by its drafters in the course of the rule's several revisions over its forty-year history." Robbins & Myers, 274 F.R.D. at 77 (citing Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir. 1985) (federal discovery rules to be "interpreted broadly")).

In fact, this case illustrates precisely why the duty to supplement can and should apply to later created information under certain circumstances. C.f., Robbins & Myers, 274 F.R.D. at 78. ("Justification for a liberal interpretation of Rule 26(e) as applicable to later created information is demonstrated by the facts of the instant case."). Sanders remains employed by UI and has alleged Defendants' discriminatory and retaliatory conduct continued beyond the close of discovery and the dispositive motion deadline. And the Court specifically allowed Sanders to amend her complaint to add allegations pertaining to this alleged conduct that occurred after the close of discovery and the dispositive motion deadline. Yet, if the duty to supplement stopped with the discovery deadline, Defendants theoretically could engage in blatant discriminatory or retaliatory conduct after the close of discovery and not have to disclose it because such conduct occurred after the discovery cutoff – effectively serving to insulate Defendants from liability for such conduct. Such a result – even if entirely hypothetical – cannot be what the drafters of the federal rules intended.

2022 WL 280875, at *4. This Court agrees with and adopts the reasoning in Sanders. There cannot be a blanket rule that either imposes or eliminates a duty to supplement after fact discovery closes in every case. Rather, "under certain circumstances," id., which must be determined on a case-by-case basis, a district court may impose a continuing duty to supplement after fact-discovery closes. Accord Avalyn Pharma, Inc. v. Vincent, Case No. 20-cv-2267-RSH-KSC, 2023 WL 11960618, at *3 (S.D. Cal. Oct. 20, 2023) ("[T]he duty to supplement can extend to discovery generated after the close of fact discovery 'under certain circumstances.'" (quoting Sanders v. Univ. of Idaho, Coll. of L., No. 19-cv-225, 2022 WL 280875, at *4 (D. Idaho Jan. 31, 2022))).

In this matter, the evidence that Plaintiffs contend should have been disclosed as supplemental discovery relates to repairs, improvements, and other work at the Facility that was done after fact-discovery was closed. That the Navy was performing ongoing repairs, maintenance, and improvements at the Facility, including the Piers, is not a surprise to Plaintiffs. The parties engaged in extensive discovery about the assessment and future plans for mitigation that the Navy contracted for with third-party vendors. Further, in this particular type of case, where prospective relief is being sought and the parties have thoroughly explored discovery over several years about the

15

Facility, this Court cannot conclude that there was a continuing obligation to supplement once fact-discovery was completed.

Because there was no continuing obligation to supplement once fact-discovery was completed, Defendants' failure to provide information about Post-Discovery Events was not a violation of Rule 26(e). There is no ground to strike Pasco's testimony about Post-Discovery Events, and that portion of Plaintiffs' Motion must be denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs' Motion to Strike the Trial Declaration and Trial Testimony of Guy Pasco, P.E., filed April 17, 2026, is DENIED.

Plaintiffs' closing brief shall be filed by **June 12, 2026,** and Defendants' closing brief shall be filed by **July 3, 2026.** Plaintiffs' rebuttal brief shall be filed by **July 17, 2026.** The closing briefs shall not exceed forty-five pages each, and the rebuttal brief shall not exceed fifteen pages.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 22, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

WAI OLA ALLIANCE, A PUBLIC INTEREST ASSOCIATION, ET AL. VS.
UNITED STATES DEPARTMENT OF THE NAVY, ET AL; CV 22-00272 LEK-RT;
ORDER DENYING PLAINTIFFS' MOTION TO STRIKE THE TRIAL DECLARATION
AND TRIAL TESTIMONY OF GUY PASCO, P.E.