STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| WAI OLA ALLIANCE, A PUBLIC INTEREST ASSOCIATION, ET AL.<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE NAVY, UNITED STATES DEPARTMENT OF DEFENSE, JOINT TASK FORCE RED HILL, UNITED STATES NAVY REGION HAWAII, UNITED STATES NAVY FACILITIES ENGINEERING COMMAND - HAWAII,<br><br>Defendants. | CIV. NO. 22-00272 LEK-RT |

**ORDER: GRANTING DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR JUDICAL NOTICE; AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, STAY, THE SECOND CAUSE OF ACTION OF THE THIRD AMENDED COMPLAINT**

On May 15, 2026, Defendants[1] filed: a Motion to Dismiss or in the Alternative, Stay, the Second Cause of Action of the Third Amended Complaint ("Motion"); and an Unopposed Request for Judicial Notice in Support of Their Motion to Dismiss or in the Alternative, Stay, the Second Cause of Action of the Third

[1] The defendants are United States Department of the Navy ("the Navy"), United States Department of Defense, Joint Task Force Red Hill, United States Navy Region Hawaii, and United States Navy Facilities Engineering Command - Hawaii (collectively "Defendants"). [Third Amended Complaint for Declaratory Relief and Injunctive Relief ("Third Amended Complaint"), filed 6/13/24 (dkt. no. 130), at ¶¶ 50-63.]

Amended Complaint ("Defendants' 5/15/26 RJN"). [Dkt. nos. 348, 349.] On June 23, 2026, Plaintiffs[2] filed their memorandum in opposition to the Motion ("Opposition") and a request for judicial notice in support thereof ("Plaintiffs' 6/23/26 RJN"). [Dkt. nos. 356, 357.] On June 30, 2026, Defendants filed their: reply in support of the Motion ("Reply"); a second request for judicial notice in support of the Motion ("Defendants' 6/30/26 RJN"); and a response to Plaintiffs' request for judicial notice ("Response to Plaintiffs' 6/23/26 RJN"). [Dkt. nos. 359, 360, 361.] These matters came on for hearing on July 14, 2026.

For the reasons set forth below, Defendants' 5/15/26 RJN and Defendants' 6/30/26 RJN are granted, Plaintiffs' 6/23/26 RJN is granted in part and denied in part, and Defendants' Motion is granted in part and denied in part. The Motion is denied as to Defendants' request for dismissal of Plaintiffs' claim under the Resource Conservation and Recovery Act ("RCRA"), Title 42 United States Code Section 6901, *et seq.* The Motion is granted insofar as the stay of the proceedings on Plaintiffs' RCRA claim is extended until **August 31, 2027**.

[2] The plaintiffs are: Wai Ola Alliance ("the Alliance"); and individual members of the Alliance, Mary Maxine Kahaulelio, Clarence Ku Ching, Melodie Aduja, Kim Coco Iwamoto, Peter Doktor, Steven Hanaloa Helelā, Kalamaokaaina Niheu, Dr. Lynette Hiilani Cruz, James J. Rodrigues, and Jade Mahina Frank (collectively "Plaintiffs"). [Third Amended Complaint at pgs. 10-16.]

## BACKGROUND

This action is a citizen suit alleging RCRA violations and violations of the Federal Water Pollution Control Act ("Clean Water Act" or "CWA"), Title 33 United States Code Section 1251, *et seq.*[3] [Third Amended Complaint at pgs. 68-70.] Plaintiffs' RCRA claim alleges:

> 2. The past and continuing practices of Defendants have caused contamination and continue to contaminate the sole source Aquifer and connected soil and rock.[[4]]
>
> 3. Defendants' treatment, handling, storage, transportation, and disposal of the solid wastes has and continues to present an imminent and substantial endangerment to public health and the environment, 42 U.S.C. § 6972(a)(1)(B).

[Id. at pg. 69.] Pursuant to Title 42 United States Code Section 6972(a)(1)(A) and (B), Plaintiffs seek an injunction requiring Defendants to, *inter alia*:

> eliminate imminent and substantial endangerments to health and the environment presented by ongoing threats from past unlawful disposal, including without limitation:
>
> > i. full remediation of contaminants in groundwater, including without limitation the contaminant plume caused by releases

---

[3] Plaintiffs' original complaint, [filed 6/14/22 (dkt. no. 1),] only alleged Clean Water Act violations. Plaintiffs' RCRA claim was added in the First Amended Complaint for Declaratory Relief, Injunctive Relief, and Civil Penalties ("First Amended Complaint"), [filed 8/30/22 (dkt. no. 27)].

[4] The "Aquifer" refers to the Southern O`ahu Basal Aquifer. See Third Amended Complaint at ¶ 6.

> from the Facility in May and November 2021 to the Aquifer (the "Contaminant Plume"); and
>
> ii. full remediation of any and all contaminants in the subsurface environment, including without limitation perched groundwater, rock formations, and soils[.]

[Id. at ¶ 14.a.]

In an order issued on May 14, 2024 ("5/14/24 Order"), [dkt. no. 127,[5]] this Court stayed, pursuant to the primary jurisdiction doctrine, the portions of this case arising from matters that have been, or were being, addressed through the administrative processes under either the emergency order issued by the State of Hawai`i Department of Health ("DOH") on May 6, 2022 ("5/6/22 Emergency Order") or the administrative consent order released by the United States Environmental Protection Agency ("EPA") on June 2, 2023 ("2023 Consent Order"). See 5/14/24 Order, 734 F. Supp. 3d at 1048; Joint Position Statement, filed 7/8/24 (dkt. no. 133), at 2-3 (agreeing that Plaintiffs' RCRA claim is subject to the stay and that their CWA

[5] The 5/14/24 Order is also available at 734 F. Supp. 3d 1034. The operative pleading at the time of the 5/14/24 Order was Plaintiffs' Second Amended Complaint for Declaratory Relief and Injunctive Relief ("Second Amended Complaint"), [filed 10/13/23 (dkt. no. 89)]. See 5/14/24 Order, 734 F. Supp. 3d at 1038.

claim is not).[6] The 5/14/24 Order imposed a stay for one year after the anticipated filing of Plaintiffs' third amended complaint. See 734 F. Supp. 3d at 1049. Based on the June 13, 2024 filing of Plaintiffs' Third Amended Complaint, the stay was to remain in effect until June 13, 2025.

The stay was extended to December 12, 2025 by agreement of the parties. See Minute Order - EO: Order: Granting in Part Defendants' Motion to Extend the Stay of Claims Concerning Matters Being Addressed Under State and Federal Agency Orders; and Setting the Remaining Portion of the Motion to Extend for Hearing, filed 5/16/25 (dkt. no. 181), at PageID.4379.

After a continued hearing and the completion of preliminary discovery, this Court extended the stay to June 13, 2026. See Minutes – EP: Hearing re: The remaining portion of the Motion to Extend, filed 7/11/25 (dkt. no. 213); Order Granting the Remaining Portion of Defendants' Motion to Extend the Stay of Claims Concerning Matters Being Addressed Under State and Federal Agency Orders, filed 10/10/25 (dkt. no. 253) ("10/10/25 Order"), at 10.[7]

---

[6] Plaintiffs' CWA claim was tried from March 31, 2026 to April 2, 2026, see dkt. nos. 334, 336, 339 (minutes), and the CWA claim is not at issue in the instant Motion.

[7] The 10/10/25 Order addressed Defendants' Motion to Extend the Stay of Claims Concerning Matters Being Addressed Under

(. . . continued)

In the instant Motion, Defendants argue that this Court should dismiss Plaintiffs' RCRA claim because it is prohibited by Title 42 United States Code Section 6972(b)(2)(B)(iv). [Motion at 1.] In the alternative, Defendants argue that either Plaintiffs' RCRA claim should be dismissed based on the primary jurisdiction doctrine or the proceedings on Plaintiffs' RCRA claim should be stayed for an additional year because of the EPA's and DOH's ongoing oversight of the closure of the Red Hill Bulk Fuel Storage Facility ("Red Hill"). [Id.]

## DISCUSSION

## I. Scope of the Record

### A. Judicial Notice

The instant Motion seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim. [Motion at 1.] As explained in the 5/14/24 Order, when considering a Rule 12(b)(6) motion to dismiss, this Court can consider documents that it has taken judicial notice of pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. See 5/14/24 Order, 734 F. Supp. 3d at 1044 (discussing Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998-99 (9th Cir. 2018)).

State and Federal Agency Orders, filed May 14, 2025 ("5/14/25 Motion to Extend"). [Dkt. no. 180.]

As to their Rule 12(b)(1) argument, Defendants argue that, if Section 6972(b)(2)(B)(iv) is jurisdictional, "Plaintiffs' Third Amended Complaint fails to support jurisdiction on its face." [Motion, Mem. in Supp. at 19 n.6.] Because a Rule 12(b)(1) motion raising a facial challenge is reviewed under similar standards to a Rule 12(b)(6) motion, matters that are subject to judicial notice can be considered without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment. See Sciotto v. Ass'n of Apartment Owners of Hanalei Bay Resort, Case No. 19-cv-00433-DKW-WRP, 2019 WL 7373026, at *3 n.2 (D. Hawai`i Dec. 31, 2019) (quoting United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)).

**1. Defendants' 5/15/26 RJN**

Defendants' 5/15/26 RJN is unopposed as to the exhibits themselves. See Defs.' 5/15/26 RJN at 1 ("Counsel for Plaintiffs advised that Plaintiffs do not oppose taking judicial notice of the attached documents."). Each of Exhibits A through N to Defendants' 5/15/26 RJN is a publicly available order, report, statement, press release, plan, or letter, prepared by or for a state or federal department or agency. See dkt. nos. 349-1 to 349-14. In addition, Plaintiffs have not disputed the factual statements in the Motion that are taken from Defendants' exhibits. Defendants' 5/15/26 RJN is granted because the exhibits thereto and the factual statements in the Motion

that were taken from the exhibits are matters of public record that are not subject to reasonable dispute. See Khoja, 899 F.3d at 999.

**2. Plaintiffs' 6/23/26 RJN**

Plaintiffs' 6/23/26 RJN seeks judicial notice of the facts contained in the Opposition that are supported by the exhibits attached to Plaintiffs' 6/23/26 RJN. See Pltfs.' 6/23/26 RJN at 3. Defendants do not contest the existence and authenticity of Plaintiffs' exhibits, but Defendants partially oppose the request for judicial notice of the facts asserted in the Opposition. See Response to Pltfs.' 6/23/26 RJN at 1. Defendants identify specific statements in the Opposition that: are presented as statements of fact, but are based upon legal arguments; cannot be readily and accurately determined from the supporting exhibits that Plaintiffs cite as the basis for that statement; require an expert opinion; or are not supported by a request within Plaintiffs' 6/23/26 RJN. See id. at 3-10. Plaintiffs did not file a reply to the Response to Plaintiffs' 6/23/26 RJN. Moreover, this Court agrees with the points raised in the Response to Plaintiffs' 6/23/26 RJN.

Each of Exhibits A through I to Plaintiffs' 6/23/26 RJN is a publicly available report or letter, prepared by or for a state or federal department or agency. See dkt. nos. 357-1 to 357-9. Plaintiffs' 6/23/26 RJN is granted insofar as this Court

takes judicial notice of: the existence of the documents submitted as exhibits to Plaintiffs' 6/23/26 RJN;[8] and the statements of fact in the Opposition that are adequately supported by the exhibits to Plaintiffs' 6/23/26 RJN. Plaintiffs' 6/23/26 RJN is denied as to the statements in the Opposition to which Defendants objected in the Response to Plaintiffs' 6/23/26 RJN.

### 3. **Defendants' 6/30/26 RJN**

Defendants' 6/30/26 RJN asks this Court to take judicial notice of the following statements:

-"The Navy had installed 23 groundwater monitoring sampling locations inside and outside the Red Hill Bulk Fuel Storage Facility boundary by the end of August 2022." [Defs.' 6/30/26 RJN at 2 (some citations omitted) (citing Defs.' 6/30/26 RJN, Exh. O (excerpt of Sentinel and Monitoring Well Installation Work Plan, dated 9/2/22) at § 2.1).]

-"On November 28, 2021, the Navy shutdown the Red Hill Shaft and disconnected it from the Joint Base Pearl Harbor Hickam water distribution system." [Id. (some citations omitted) (citing Defs.' 6/30/26 RJN, Exh. P (excerpt of Red Hill Shaft Flow Optimization Work Plan, dated 1/13/23) at § 3.1.2).]

-"On January 29, 2022, the Navy resumed pumping at the Red Hill Shaft and began treating the water through the granular

[8] This Court also takes judicial notice of the Navy Closure Task Force's Draft Final Tank Closure Plan, Supplement 3: Phase 1 Closure Site Assessment Red Hill Bulk Fuel Storage Facility, Joint Base Pearl Harbor-Hickam Oahu HI, dated July 2025, *available at* https://health.hawaii.gov/about/files/2025/08/REDACTED-Enclosure-1-Final-Phase-1-Closure-Site-Assessment-Work-Plan.pdf, which is a more recent version of Exhibit I to Plaintiffs' 6/23/26 RJN. See dkt. no. 357-9 (June 2024 version of the draft).

> activated carbon filtration system for the Red Hill Shaft, which is discharged to Halawa Stream." [Id. at 3 (citing Defs.' 6/30/26 RJN, Exh. P at §§ 3.1.2, 3.1.3).]

This Court construes Plaintiffs' failure to file a response to Defendants' 6/30/26 RJN as an indication that Plaintiffs do not oppose these requests for judicial notice. Further, the statements that Defendants ask this Court to take judicial notice of can be readily confirmed, and Defendants' request is adequately supported. Defendants' 6/30/26 RJN is therefore granted.

**B. Incorporation by Reference**

When considering a Rule 12(b)(6) motion to dismiss, this Court can also consider documents that have been incorporated by reference in the complaint without converting the motion to dismiss into a motion for summary judgment. See Khoja, 899 F.3d at 998. As noted *supra*, because a Rule 12(b)(1) motion raising a facial challenge is reviewed under similar standards to a Rule 12(b)(6) motion, documents that are incorporated by reference in a complaint can be considered without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment. See Sciotto, 2019 WL 7373026, at *3 n.2.

"[A] defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's

claim." Khoja, 899 F.3d at 1002 (citation and internal quotation marks omitted). The relevant agency orders in the instant case - the Administrative Order on Consent that the EPA, the DOH, the Navy, and the Defense Logistics Agency entered into in 2015 ("2015 AOC"); the emergency order that the DOH issued on December 6, 2021 ("12/6/21 Emergency Order"); the DOH's 5/6/22 Emergency Order;[9] and the EPA's 2023 Consent Order – are referred to extensively in the Third Amended Complaint.[10] See, e.g., Third Amended Complaint at ¶¶ 102, 129-31, 137-46, 154-74, 264, 281, 312-17. This Court therefore concludes that the 2015 AOC, the 12/6/21 Emergency Order, the 5/6/22 Emergency Order, and the 2023 Consent Order are incorporated by reference in the Third Amended Complaint. Those documents can be considered without converting the Motion into a motion for summary judgment.

## II. Request for Dismissal

### A. Section 6972(b)(2)(B)(iv)

Defendants first argue that Plaintiffs' RCRA citizen suit is barred by Title 42 United States Code Section

[9] The Third Amended Complaint refers to the DOH's 12/6/21 Emergency Order as the "First Emergency Order" and to the DOH's 5/6/22 Emergency Order as the "Final Emergency Order." See Third Amended Complaint at ¶¶ 129, 137.

[10] The 2015 AOC, the 12/6/21 Emergency Order, and the 5/6/22 Emergency Order are available at docket numbers 102-1, 102-5, and 102-4, respectively. The 2023 Consent Order is available at docket number 108-2.

6972(b)(2)(B)(iv) because the 2015 AOC was issued under Title 42 United States Code Section 6973, and the 2015 AOC addresses remediation of petroleum contamination at Red Hill. According to Defendants, at the time that Plaintiffs first asserted their RCRA claim in this case, the Navy, pursuant to the 2015 AOC, was already addressing the groundwater contamination from prior releases, in addition to the 2021 releases that are at issue in this case. The Navy's work continues pursuant to the 2023 Consent Order, which was also issued pursuant to Section 6973. [Motion, Mem. in Supp. at 13-14.]

### 1. **Whether the Issue Should Be Considered**

Plaintiffs argue RCRA preclusion is a claims-processing rule, not a jurisdictional issue, and therefore the portion of the Motion raising the Section 6972(b)(2)(B)(iv) argument must be treated as a Rule 12(b)(6) motion. [Opposition at 15-16.] Plaintiffs urge this Court to deny that portion of the Motion because Defendants could have raised the Section 6972(b)(2)(B)(iv) argument in a prior Rule 12(b)(6) motion to dismiss. See id. at 16.

This Court has previously noted that, "pursuant to Rule 12(g)(2), a defendant who chooses not to raise a Rule 12(b)(6) argument in a prior motion cannot file another Rule 12(b)(6) motion to raise the argument, but may raise it later in the case, such as in a Rule 12(c) motion for judgment

on the pleadings." [Order Denying Defendants' Motion for Partial Dismissal of Plaintiffs' Third Amended Complaint, filed 1/22/25 (dkt. no. 157) ("1/22/25 Order"), at 8-9.[11]] Defendants could have brought their current Section 6972(b)(2)(B)(iv) argument in their motion seeking dismissal of the Second Amended Complaint or in the 8/12/24 Motion. Cf. Motion to Dismiss or, in the Alternative, Stay Proceedings, filed 10/27/23 (dkt. no. 90), Mem. in Supp. at 1 (moving for dismissal of the Second Amended Complaint without prejudice pursuant to Rule 12(b)(6)); 8/12/24 Motion, Mem. in Supp. at 15-18 (arguing a portion of Plaintiffs' CWA claim in the Third Amended Complaint should be dismissed for failure to state a plausible claim). However, Defendants' position that Section 6972(b)(2)(B)(iv) is a jurisdictional issue is at least a colorable position, and a lack of subject matter jurisdiction can be asserted at any time. See Fed. R. Civ. P. 12(g)(3). This Court therefore declines to invoke Rule 12(g)(2) and will address the Motion's Section 6972(b)(2)(B)(iv) argument now instead of requiring Defendants to raise the issue again at a later stage of this case.

[11] The 1/22/25 Order is also available at 2025 WL 269058. The 1/22/25 Order addressed Defendants' Motion for Partial Dismissal of Plaintiffs' Third Amended Complaint, filed on August 12, 2024 ("8/12/24 Motion"), [dkt. no. 138]. 2025 WL 269058, at *1.

**2. <u>The 2015 AOC</u>**

Section 6972(b)(2) states, in relevant part:

> (B) No action may be commenced under subsection (a)(1)(B) of this section if the Administrator,[12] in order to restrain or abate acts or conditions which may have contributed or are contributing to the activities which may present the alleged endangerment —
>
> . . . .
>
> (iv) has obtained a court order (including a consent decree) or issued an administrative order under section 106 of the Comprehensive Environmental Response, Compensation and Liability Act of 980 [sic] or section 6973 of this title pursuant to which a responsible party is diligently conducting a removal action, Remedial Investigation and Feasibility Study (RIFS), or proceeding with a remedial action.
>
> In the case of an administrative order referred to in clause (iv), **actions under subsection (a)(1)(B) are prohibited only as to the scope and duration of the administrative order referred to in clause (iv).**

42 U.S.C. § 6972(b)(2) (emphasis added) (footnote omitted).

The 2015 AOC was entered into pursuant to Title 42 United States Code Section 6973. <u>See</u> 2015 AOC (dkt. no. 102-1) at ¶ 2(b). The 2015 AOC's "primary objectives" were "to take steps to ensure that the groundwater resource in the vicinity of [Red Hill] is protected and to ensure that [Red Hill] is operated and maintained in an environmentally protective

[12] "Administrator" refers to the Administrator of the EPA. <u>See</u> 42 U.S.C. § 6903(1).

manner." [Id. at ¶ 1(b).] The 2015 AOC followed a January 2014 release of approximately 27,000 gallons of fuel from one of the Red Hill underground storage tanks ("USTs"). See id. at ¶ 4(r). The investigation and remediation provision in the 2015 AOC's Statement of Work provided:

> The purpose of the deliverables to be developed and the work to be performed under this Section is to determine the feasibility of alternatives for investigating and remediating releases from [Red Hill].
>
> The deliverables shall include:
>
> a. The response to the January 2014 release from Tank #5; and
>
> b. An evaluation and discussion of potential remediation methods for the January 2014 Tank #5 release and any future releases.

[Id., Attachment A (Statement of Work) at 12, ¶ 6.]

Defendants argue the broad purpose of the 2015 AOC and the broad language in the Statement of Work's remediation provision indicate that, in addition to addressing releases that existed when the 2015 AOC was entered into, the 2015 AOC also addressed future releases at Red Hill. See Motion, Mem. in Supp. at 15 (quoting 2015 AOC ¶ 1(b); 2015 AOC, Statement of Work at 12). Defendants argue the EPA and DOH have confirmed that: the 2015 AOC requires the investigation and remediation of any **future** releases of petroleum or other substances at Red Hill, including the 2021 releases at issue in this case; and the

investigation and remediation work under the 2015 AOC includes soil and groundwater. [Id. (citing Defs.' 5/15/26 RJN, Exh. B (2/17/23 letter from the EPA and DOH to Rear Admiral Stephen Barnett, Commander, Navy Region Hawai`i ("2/17/23 EPA/DOH Letter")) at 1).] In addition, the Navy has expressly stated the 2021 petroleum releases were being addressed under the 2015 AOC, the 5/6/22 Emergency Order, and the 2023 Consent Order. [Id. at 15-16 (citing Defs.' 5/15/26 RJN, Exh. C (5/15/23 letter to the EPA Red Hill Project Coordinator and the DOH Red Hill Project Coordinator from Rear Admiral Barnett ("5/15/23 Navy Letter to EPA/DOH")) at 2, Exh. E (Navy's Tank Closure Plan Supplement 4, dated 5/31/25 ("Closure Plan Suppl. 4")) at 5).] Thus, Defendants urge this Court to rule that Plaintiffs' RCRA claim is precluded because it is within the scope and duration of the 2015 AOC. [Id. at 15.]

Defendants miss the mark. Their reading is far too generous. Nothing in the 2015 AOC expressly states that it governs the response to **future** fuel releases at Red Hill. Adopting a rule allowing broad and ambiguous remediation language to preclude future RCRA citizen suits, for an indefinite period, regarding a site that was subject to a prior administrative order "would eviscerate section 6972(b)(2)(B)(iv)." Cf. Goe Eng'g Co. v. Physicians Formula Cosms., Inc., No. CV 94-3576-WDK, 1997 WL 889278, at *8 (C.D.

Cal. June 4, 1997) (concluding that the administrative order's "broad reservation [of rights] language alone cannot justify barring [the] citizen suit").

This Court also rejects Defendants' preclusion argument based on documents that were created after Plaintiffs had already asserted their RCRA claim in this case. The 2/17/23 EPA/DOH Letter "clarif[ied] the scope required by the 2015 [AOC]," and stated that "[d]ocumented releases that must be addressed pursuant to the 2015 AOC include but are not limited to the January 2014 release of jet fuel, the May 2021 and November 2021 releases of jet fuel, and the November 2022 release of Aqueous Film Forming Foam (AFFF) concentrate." [Defs.' 5/15/26 RJN, Exh. B (2/17/23 EPA/DOH Letter) at 1.] The subject line of the 5/15/23 Navy Letter to EPA/DOH reads "CLARIFICATION OF SCOPE REQUIRED BY 2015 RED HILL ADMINISTRATIVE ORDER ON CONSENT AND SCHEDULE FOR CONSOLIDATED ENVIRONMENTAL SCOPE OF WORK FOR RED HILL BULK FUEL STORAGE FACILITY." [Defs.' 5/15/26 RJN, Exh. C (5/15/23 Navy Letter to EPA/DOH) at 1 (emphasis in original).] The 5/15/23 Navy Letter to EPA/DOH states that it is a follow-up to the Navy's March 6, 2023 response to the 2/17/23 EPA/DOH Letter. See id. In the March 6, 2023 response, the Navy "generally agreed that it is beneficial to clarify the scope of release investigation and response work and the underlying authorities driving the effort." See id. This

statement in 2023 that clarification of the 2015 AOC was necessary makes clear that, when Plaintiffs first asserted their RCRA claim in the First Amended Complaint, filed on August 30, 2022, their claim was not within the scope and duration of the 2015 AOC. See § 6972(b)(2)(B). Further, allowing a Section 6972(b)(2)(B)(iv) preclusion based on the interpretation of a prior administrative order in documents created **after** the filing of a citizen suit creates potential for manipulating the administrative process to avoid defending against the citizen suit.

For these reasons, this Court concludes that, when Plaintiffs asserted their RCRA claim in this case, the claim was not within the scope and duration of the 2015 AOC. Section 6972(b)(2)(B)(iv) does not bar Plaintiffs' RCRA claim, and the Motion is denied as to Defendants' request for dismissal of Plaintiffs' RCRA claim pursuant to that provision.

**B. Primary Jurisdiction**

Defendants also argue this Court should dismiss Plaintiffs' RCRA claim pursuant to the primary jurisdiction doctrine because: the issues raised in Plaintiffs' RCRA claim are within the EPA's and DOH's jurisdiction and expertise; the EPA and DOH have issued orders requiring the closure of Red Hill and the remediation of contamination caused by the releases at Red Hill; and the required closure and remediation are highly

technical processes that are being overseen by the EPA and DOH. [Motion, Mem. in Supp. at 20-21.] These arguments were raised when Defendants sought dismissal of Plaintiffs' Second Amended Complaint pursuant to the primary jurisdiction doctrine. See 5/14/24 Order, 734 F. Supp. 3d at 1045-47 (primary jurisdiction analysis). In the 5/14/24 Order, this Court concluded that "the primary jurisdiction doctrine applies to the portions of Plaintiffs' citizen suit which concern matters that have been, or are being, addressed under the administrative orders – such as issues related to the defueling and closure of [Red Hill]." Id. at 1047. However, this Court concluded that a stay, rather than dismissal, was warranted. Id.

The instant Motion's request for dismissal of Plaintiffs' RCRA claim pursuant to the primary jurisdiction doctrine is essentially an attempt to seek reconsideration of the 5/14/24 Order. First, the attempt is untimely. See Local Rule LR60.1 ("Motions assert[ing manifest error of law or fact] must be filed and served within fourteen (14) days after the court's order is issued."). Moreover, the Motion does not establish that there was a manifest error of law or fact in the 5/14/24 Order's ruling that dismissal based on the primary jurisdiction was not warranted in this case. Defendants' request for reconsideration of that ruling is therefore denied.

**III. Request to Extend the Stay**

When the stay of Plaintiffs' RCRA claim was extended to June 13, 2026, this Court concluded there was good cause to extend the stay because, "[b]ased on Defendants' representations in their Status Reports and in the briefing associated with the [5/14/25] Motion to Extend, . . . the Navy has been taking necessary steps in the process to remediate the groundwater contamination caused by the fuel releases at Red Hill." [10/10/25 Order at 6 (citing Status Report, filed 7/15/25 (dkt. no. 215), at ¶¶ 7-12; 5/14/25 Motion to Extend, Declaration of Paul Cirino at ¶ 4 & Exh. A (Integrated Master Schedule prepared by the Navy Closure Task Force – Red Hill and provided to the DOH and the EPA in April 2025)).]

Having completed gravity defueling in 2024, the Navy continues to remove the residual fuel and sludge that could not be removed through gravity defueling. See Defs.' Status Report, filed 5/26/26 (dkt. no. 351) ("5/26/26 Status Report"), at 3. The Navy has also made progress in the closing of Red Hill, including: the continued cleaning of the USTs; see id. at 3-5; and completing approximately ninety-four percent of the pigging of the fuel pipelines,[13] see id. at 6-7. The Navy has also made

[13] "Pigging is a critical step to capture most of the residual fuel remaining in the pipeline and is a preparatory operation for the pipeline removal operations expected to begin later this year." [5/26/26 Status Report at 6.]

progress in the remediation process. For example, the Navy anticipates completing the installation of a new groundwater monitoring well in September 2026. See id. at 9. This well "will increase the monitoring well network to 50 sampling points." [Id.] The Navy anticipated completing the field work for the closure site assessment in June 2026, and Defendants stated that,

> [o]nce the Navy completes its field work and sample analysis, it will prepare a Phase 1 Closure Site Assessment Report that documents the Phase 1 field investigation, integrates the Phase 1 analytical results with environmental data from the Navy's other ongoing work, and provides recommendations for further actions.

[Id. at 10-11.]

Plaintiffs argue that the litigation of their RCRA claim will not interfere with the final remedies in the administrative process because, under the administrative orders, a groundwater remediation remedy will not be decided until at least 2033. See Opposition at 26. While Plaintiffs' frustration with the remediation timeline and their desire for faster results are understandable, Plaintiffs have not identified any evidence suggesting that there has been undue delay or that the Navy has failed to follow, and the EPA and DOH have failed to enforce, relevant industry standards. This Court therefore finds that there is good cause to extend the stay of Plaintiffs' RCRA claim for another year.

This Court again reiterates that it has no intention of allowing the stay to remain in place indefinitely, and that the efficiency interests supporting a stay under the primary jurisdiction doctrine must give way when the length of the stay would impair Plaintiffs' ability to litigate their RCRA claim at the end of the stay. However, Plaintiffs have not established that the length of the stay in this case has reached that point.

Defendants must continue to make a reasonable amount of discovery available to Plaintiffs during this extension of the stay, and the parties must continue to discuss and prepare for further discovery at the end of the current extension. Defendants are also reminded that, if they choose to seek another extension of the stay, they should not assume that the extension will be granted as a matter of course. See 10/10/25 Order at 8-9.

**CONCLUSION**

For the foregoing reasons, Defendants' requests for judicial notice, filed May 15, 2026 and June 30, 2026, are GRANTED, and Plaintiffs' request for judicial notice, filed June 23, 2026, is GRANTED IN PART AND DENIED IN PART.

Defendants' Motion to Dismiss or in the Alternative, Stay, the Second Cause of Action of the Third Amended Complaint, filed May 15, 2026, is GRANTED IN PART AND DENIED IN PART. The Motion is DENIED as to Defendants' request for dismissal of

Plaintiffs' RCRA claim. The Motion is GRANTED insofar as the stay of the proceedings on Plaintiffs' RCRA claim is EXTENDED until **August 31, 2027.**

Defendants are ORDERED to file status reports regarding their compliance with the DOH's 5/6/22 Emergency Order and the EPA's 2023 Consent Order. Defendants shall file a status report on **September 30, 2026, December 31, 2026, March 31, 2027,** and **June 30, 2027.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 31, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**WAI OLA ALLIANCE, ET AL. VS. UNITED STATES DEPARTMENT OF THE NAVY, ET AL; CV 22-00272 LEK-RT; ORDER: GRANTING DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE; AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, STAY, THE SECOND CAUSE OF ACTION OF THE THIRD AMENDED COMPLAINT**